# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WENDY NIETO, on behalf of herself and other persons similarly situated<br>    *Plaintiff,*<br><br>V.<br><br>PIZZATI ENTERPRISES INC., PIZZATI LABOR SERVICES INC., MIRIAM PIZZATI, and MARIA MURILLO<br>    *Defendants.* | Civil Action No. 16-cv-5352<br><br>SECTION "G-2"<br><br>JUDGE BROWN<br><br>MAG. WILKINSON |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CLASS CERTIFICATION, JUDICIAL NOTICE, AND FOR DISCLOSURE OF THE NAMES AND <u>ADDRESSES OF THE POTENTIAL OPT-IN PLAINTIFFS</u>

**MAY IT PLEASE THE COURT:**

    Defendants, Pizzati Enterprises Inc. ("PEI"), Pizzati Labor Services, Inc. ("PLS"), Miriam Pizzati ("Ms. Pizzati"), and Maria Murillo ("Ms. Murillo") (collectively referred to as "Defendants"), submit this memorandum of law in opposition to Plaintiff's Motion for Conditional Class Certification, Judicial Notice, and for Disclosure of the Names and Addresses of the Potential Opt-In Plaintiffs (Rec. Doc. 13).

    **I.**     **Introduction**

    This is a putative collective action instituted by a laborer formerly employed by PLS against Defendants seeking overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiff's definition of the potential opt-ins necessarily only includes those employees who <u>worked more than 40 hours [in] any particular week</u>. Rec. Doc. 13-5, p. 2. Plaintiff claims she and other employees alleged to be similarly situated "often worked more than forty hours per week[.]" (Rec. Doc. 13-4, p. 1 ¶ 7). Defendants dispute this contention. To properly oppose

1

Plaintiff's motion, Defendants should be allowed to conduct specific, limited discovery on certification issues. Defendants have filed a Motion to Stay contemporaneously with the filing of this Memorandum in Opposition. Defendants again urge this request for a stay so the parties can conduct limited, pre-certification discovery.

Alternatively, this Court should deny Plaintiff's motion for conditional certification. While the standard for conditional certification under § 216(b) is lenient, it is neither automatic nor appropriate in every case. This case presents a set of circumstances antithetical to those for which collective action treatment was created, which Plaintiff's own allegations and the limited record evidence developed thus far demonstrate.3 Plaintiff has not met their burden of establishing that she is similarly situated to "all individuals who worked or are working performing manual labor for Pizzati Enterprises, Inc. or Pizzati Labor Services, Inc. during the previous three years", as alleged. Rec. Doc. 13-1, p. 5. However, Plaintiff ignores the fact that, based on Plaintiff's own definition, any laborers who did not work more than forty hours in a workweek would not be similarly situated to Plaintiff and would not be entitled to receive notice of the collective action, in the event it is conditionally certified.

### III.  LAW AND ARGUMENT

#### A.  Defendants Are Entitled to Conduct Limited Pre-Certification Discovery.

For the reasons addressed in Defendants' Motion to Stay (Rec. Doc. __), which is hereby incorporated by reference, and in light of the Court's inherent power to preserve judicial resources through temporary stays, this Court should stay its briefing on and its consideration of Plaintiff's motion. Defendants should be given the opportunity to take specific, limited pre-certification discovery, including depositions of the named Plaintiff, to test the evidence Plaintiff has proffered in support of her assertion that the proposed collective action members are "similarly situated" before ruling on Plaintiff's motion for conditional certification. *Clay v. Huntington Ingalls Incorporated*,

2

2011 U.S. Dist. LEXIS 155351, *37 (E.D. La. Sept. 29, 2011) (Zainey, J.) (denying conditional certification after discovery demonstrated that plaintiffs were not similarly situated and claims were individualized). The allegations made by the named Plaintiffs in the complaint raise significant questions as to whether they are "similarly situated" to putative opt-ins. It is appropriate for courts to order such limited discovery "so [the defendant] may at least test the veracity of plaintiffs' . . . allegation that they are similarly situated victims of a common decision, policy, or plan." *Green v. Harbor Freight Tools USA, Inc.*, 2010 U.S. Dist. LEXIS 16094, *4-5 (D. Kan. Feb. 23, 2010).

Plaintiff's definition of the potential opt-ins necessarily only includes those inspectors who worked more than 40 hours in a week. Rec. Doc. 13-1, p. 7, 8. While Plaintiff contends that she and other inspectors alleged to be similarly situated "regularly worked more than forty hours per week" (Rec. Doc. 13-5, ¶ 7), Defendants dispute this contention and should be allowed to investigate Plaintiff's claims through discovery. Based on Plaintiff's own definition, these inspectors – and any other inspectors who did not work more than forty hours in a workweek – would not be similarly situated to Plaintiff and would not be entitled to receive notice of the collective action, in the event it is conditionally certified. Additionally, in the event Plaintiff did not work more than forty hours in a workweek, she could not properly represent those inspectors who may choose to opt-in to this proceeding if it is conditionally certified because they would not be similarly situated. Thus, Defendants should be given the opportunity to take specific, limited discovery, including deposing the named Plaintiff, to determine whether there are any potentially similarly situated inspectors based on the Plaintiff's own definition of the proposed putative collective action group.

Pre-certification deposition testimony regarding whether named Plaintiff is similarly situated to the putative opt-ins she seeks to represent is discoverable, and district courts both within and outside the Fifth Circuit regularly recognize the propriety of and allow such discovery before conditionally certifying a collective action. *Clay*, 2011 U.S. Dist. LEXIS 155351 at *6, 16 (allowing

3

"substantial discovery" pertaining to certification issue pursuant to defendants' request and over plaintiffs' objection); *Sandberg v. Perry Homes*, 2010 WL 918329 (W.D. Tex. 2010) (allowing limited discovery on the question of certification); *Smith v. Servicemaster Holding Corp.*, 2011 U.S. Dist. LEXIS 112165, *8 (M.D. La. Sept. 30, 2011) (noting that "the Tennessee court [from which the case was transferred] allowed some time for discovery focusing on collective action issues"). In opposition, Plaintiff will suggest that the discovery sought by Defendants goes to the merits of her claims; however, this does not diminish the relevance of the discovery (whether those alleged to be similarly situated actually worked more than 40 hours per week) to the collective action group definition proposed by Plaintiff. Some overlap between certification and merits issues is not unusual in collective action cases, and the presence of overlap alone is insufficient to deny a request for pre-certification discovery. "Further, employers should not be unduly burdened by a frivolous fishing expedition conducted by the plaintiffs at the defendant's expense." *Xavier v. Belfor USA Group, Inc.*, 585 F.Supp.2d 873, 878 (E.D. La. 2008), *citing Lentz v. Spanky's Restaurant II, Inc.*, 569 F.Supp.2d 663, 669 (N.D. Tex. 2007); *Valcho v. Dallas County Hospital District*, 574 F.Supp.2d 618, 622 (N.D. Tex. 2008). Thus, this Honorable Court should grant Defendants' Motion to Stay and allow limited pre-certification discovery so that Defendants can thoroughly oppose the pending motion for certification.

**B.     Plaintiffs Bear the Burden of Establishing They Are Similarly Situated to the Putative Collective Action Group.**

Section 16(b) of the FLSA permits a collective action only if Plaintiffs can show that they and the members of the proposed collective action group are "similarly situated." 29 U.S.C. § 216(b). "Similarly situated" is not defined in the FLSA, nor has the U.S. Department of Labor, which enforces the FLSA, issued any regulatory or interpretive guidance on the meaning of "similarly situated." At all times, Plaintiff bears the burden of establishing that they and each

member of the proposed collective action group are similarly situated. *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 217 (11th Cir. 2001), *rehearing denied,* 273 F.3d 1118, 2001 U.S. App. LEXIS 30056 (11th Cir. Fla. 2001), *cert. denied*, 534 U.S. 1127, 122 S. Ct. 1064, 151 L. Ed. 2d 968, 2002 U.S. LEXIS 653, 70 U.S.L.W. 3514 (2002); *Camp v. The Progressive Corp.,* 2002 U.S. Dist. LEXIS 21903, *7 n. 3 (E.D. La. Nov. 8, 2002) (Wilkinson, M.J.); *Basco v. Wal-Mart Stores Inc.*, 2004 U.S. Dist. Lexis 12441, *14 (E.D. La. Jul. 2, 2004) (Duval, J.).

Determining whether proposed collective action members are "similarly situated" is the first step when analyzing motions to conditionally certify a collective action under the FLSA. *Clay*, 2011 U.S. Dist. LEXIS 155351 at *9; *see also Brickey v. Dolgencorp, Inc.*, 272 F.R.D. 344, 346 (W.D.N.Y. 2011). If the employees are similarly situated, the court conditionally certifies the collective action and orders putative notice to potential members, who are then afforded the opportunity to opt in. *Clay*, 2011 U.S. Dist. LEXIS 155351 at *9; *see also Brickey*, 272 F.R.D. at 346. "Certification is by no means automatic…" *Clay*, 2011 U.S. Dist. LEXIS 155351 at *8-9.

### 1.     Recognized Standards for § 216(b) Certification

The Fifth Circuit has yet to decide "how district courts should determine whether plaintiffs are sufficiently 'similarly situated' to advance their claims together in a single *§ 216(b)* action." *Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 519 n. 1 (5th Cir. 2010). The court has recognized two of the more common approaches for determining whether an FLSA action should proceed collectively, without expressly adopting or rejecting either approach. *Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 915 n. 2 (5th Cir. 2008); *Mooney v. Aramco Services Co*., 54 F.3d 1207, 1216 (5th Cir. 1995) (upholding a § 216(b) decertification), overruling on other grounds recognized by *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305, 311 n.10 (5th Cir. 2004).

The first approach involves a two-step process recognized in *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988), affirmed in part, appeal dismissed, 975 F.2d 964 (3rd Cir.1992). During

the initial stage, the plaintiff must come forward with "'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination.'" *Mooney*, 54 F.3d at 1214 n. 8, quoting *Sperling v. Hoffman-La Roche, Inc.,* 118 F.R.D. 392, 407 (D.N.J.1988), affirmed in part and appeal dismissed in part, 862 F.2d 439 (3rd Cir. 1988), aff'd and remanded, *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482, 107 L.Ed.2d 480 (1989). If the plaintiff comes forward with substantial allegations, the court "conditionally" certifies the action and may permit a court-approved notice to be sent to members of the collective action group. *Basco*, 2004 U.S. Dist. LEXIS 12441 at *9, quoting

*Mooney*, 54 F.3d at 1214. Then, during the second stage, the court decides based on the facts produced in discovery whether the conditionally certified class should be decertified, usually on motion of the defendant. *Id.*

The second approach, attributable to *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990), involves a single-stage analysis of the four factors typically considered in certifying Rule 23 class actions. Under this approach, "the court looks at 'numerosity,' 'commonality,' 'typicality' and 'adequacy of representation' to determine whether a class should be certified." *Mooney*, 54 F.3d at 1214. Under the *Shushan* approach, the primary difference between FLSA collective actions and Rule 23 class actions is that class members must "opt in" to FLSA actions, while class members must "opt out" of Rule 23 class actions. *See* 29 U.S.C. § 216(b) (requiring written consent to become an FLSA class member). The *Shushan* approach is considered more rigorous than the *Lusardi* approach because it is more akin to a Rule 23 analysis and is not bifurcated into two stages. Thus, if a plaintiff fails to satisfy the *Lusardi* standard, the same result holds under the *Shushan* standard.

The Fifth Circuit has not adopted either the *Lusardi* or *Shushan* approaches, but the former has been embraced more often by the courts. *Basco*, 2004 U.S. Dist. LEXIS 12441 at

*13; *Camp v. Lockheed Martin Corp.*, 1998 WL 906915, at *2 (S.D. Tex. Apr. 23, 1998) (finding "more persuasive the reasoning of the District of Colorado" in *Shushan*). However, regardless of the standard applied, certification is improper under either approach in this specific case due to the highly individualized issues presented by Plaintiff's claims, specifically whether each laborer to whom Plaintiff wishes to send notice of the collective action, if conditionally certified, worked more than 40 hours in a workweek. *Mooney*, 54 F.3d at 1216.

### 2. Conditional Certification under *Lusardi* is Far from Automatic.

Since *Mooney*, district courts in the Fifth Circuit have made very clear that conditional certification under the *Lusardi* approach is anything but automatic. Although the standard for satisfying the first step is lenient, the court still requires at least *substantial allegations* that the putative class members were together the victims of a single decision, policy, or plan infected by unlawful conduct. *Hoffman-La Roche,* 118 F.R.D. at 406; *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999).

Affidavits containing only "conclusory allegations" are not sufficient to meet this initial burden. *H&R Block*, 186 F.R.D. at 400. Likewise, "unsupported assertions of wide-spread FLSA violations, such as the ones made here, [do] not satisfy the movant's 216(b) burden." *Id.* (citing *Haynes v. Singer Co.*, 696 F.2d 884 (11th Cir. 1983)). Rather, courts look to whether plaintiffs have identified specific (not generalized) characteristics that unify potential class members; whether plaintiffs have obtained and submitted affidavits of potential class members; whether plaintiffs have obtained and submitted consent forms of potential class members; and whether plaintiffs have submitted specific evidence of a widespread unlawful plan on the part of the employer. *See, e.g.*, *England v. New Century Financial Corp.*, 370 F. Supp. 2d 504, 506 (M.D. La. 2005) (noting "that 485 plaintiffs have filed consent forms to join in this action seeking overtime

compensation"); *H&R Block*, 186 F.R.D. at 400 ("[E]ven where potential plaintiffs were listed, a factual showing suggesting that they were similarly situated was required.").

When plaintiffs have failed to come forward with such substantial allegations, district courts in the Fifth Circuit have not hesitated to deny motions to conditionally certify FLSA actions. *See, e.g.*, *England*, 370 F. Supp. 2d at 511 (rejecting conditional certification of a class that included "a multitude of different managers at different geographical locations"); *Basco*, 2004 U.S. Dist. Lexis 12441 at *22 (rejecting conditional certification because plaintiffs "failed in their burden of proof to demonstrate identifiable facts or legal nexus that binds the claims so that hearing the cases together promotes judicial efficiency"); *H&R Block*, 186 F.R.D. at 400 (rejecting conditional certification where "[a]ll movants have done is submit affidavits making conclusory allegations"); *Treme v. HKA Enterprises, Inc.*, 2008 U.S. Dist. LEXIS 97420 (W.D. La. Apr. 27, 2008) (denying conditional certification where plaintiffs failed to present evidence that they were similarly situated with collective action group); *Guidry v. Target Corporation*, 2009 U.S. Dist. LEXIS 60213 (E.D. La. Jun. 5, 2009) (Africk, J.); *Baroni v. Bellsouth Telecommunications, Inc.*, 2004 U.S. Dist. LEXIS 14403 (E.D. La. Jul. 27, 2004) (Africk, J.). The same result is warranted here, where Plaintiff has come forward with virtually no specific allegations, much less substantial allegations, required for conditional certification.

### C. Plaintiffs Are Not Similarly Situated to Each Other or the Putative Collective Action Group.

#### 1. Differences in Whether Plaintiffs Worked 40 Hours in a Workweek Precludes Certification.

At the heart of Plaintiff's allegation that she is similarly situated for the purpose of certification is whether each potential opt-in worked more than 40 hours in a workweek during employment with PLS or PEI. Plaintiff alleges that she "regularly worked more than 40 hours in a week," and that she did not receive overtime when she worked in excess of 40 hours per week." Rec.

Doc. 13-5, ¶ 7. She also contends her claims are typical of the claims of, such that they are similarly situated to, other former and current inspectors employed by PLS and PEI who also worked more than 40 hours in a week. Rec. Doc. 13-1, p. 7, 8. While Defendants deny that Plaintiff is entitled to overtime or that she "regularly worked more than 40 hours in a week," conditional certification of this case is dependent upon each laborer having worked more than 40 hours in a workweek to be a potential member of the collective action group and to be similarly situated as defined by Plaintiffs.

Plaintiff seeks to conditionally certify this collective action "on behalf of all individuals who worked or are working performing manual labor for Pizzati Enterprises, Inc. or Pizzati Labor Services, Inc. during the previous three years, and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation." Rec. Doc. 13-1, p. 5. Plaintiff articulates the group of potential opt-ins in their proposed notice as follows: "You may join this lawsuit if you meet the following requirements: (1) you worked or are working for Pizzati Enterprises, Inc. or Pizzati Labor Services, Inc. in the previous three years. (2) you were not paid overtime for any hours worked in excess of 40 hours any particular week[.]" Rec. Doc. 13-5, p.1. By necessity then, based on Plaintiff's own definition of the putative collective action members, an individual must meet each of these elements in order to be a potential opt-in. Thus, any laborer who did not work more than 40 hours in a workweek could not be a member of the collective action and would not be entitled to notice of same. This would require an individualized analysis of each workweek of each inspector to determine whether that employee fits into the definition above and should receive notice of this lawsuit, in the event it is conditionally certified.

No matter how lenient the standard for conditional certification, individualized assessment and the necessarily varied results precludes any finding that collective action treatment, even conditionally, is appropriate. Notices should not be distributed to inspectors who cannot ever be part

9

of the collective action. "[J]udicial efficiency is one of the key purposes of the collective action," and Plaintiff's proposed method for certification is anything but efficient. *Clay*, 2011 U.S. Dist. LEXIS 155351 at *11. The Court, "like practicing attorneys, has a responsibility to refrain from stirring up unwarranted litigation" and solicitation. *Xavier*, 585 F.Supp.2d at 878, *citing Lentz*, 491 F.Supp.2d at 669; *see also Valcho*, 574 F.Supp.2d at 622 ("courts . . . have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation"). This Court should deny Plaintiff's motion for certification because Plaintiff fails to meet her burden that she is similarly situated without a showing that the putative collective action members worked more than forty hours in a workweek.

### 2.     If Liability Is Found, Damages Could Require a Case-by-Case Inquiry.

District courts within the Fifth Circuit have noted that it is "impossible to try [a] case as a collective class" where, if liability is found, the damages would necessarily require a case-by- case inquiry. *England*, 370 F. Supp. 2d at 511. For the same reasons addressed above, the analysis of whether each individual Plaintiff worked more than forty hours in a workweek prohibits conditional certification of this collective action because this determination would have to be made in order to calculate damages, if liability is found (which is denied).

### D.     Plaintiffs' Proposed Notice and Opt-In Procedure are Defective.

Plaintiff attached as Exhibit 3 to their motion a proposed "Notice" and "Plaintiff Consent Form" ("Notice"). Rec. Doc. 13-5. Because certification, even conditionally, is not appropriate, the Court should deny any request to send out this proposed Notice of Lawsuit. Nonetheless, even if this case could be certified, the proposed notice is defective and objectionable for a number of reasons. First, the document is misleading and implies that anyone receiving the notice may join the lawsuit, even though the opt-in definition requires the laborers to have worked over 40 hours in a workweek. Courts have explained that "[b]ecause some of the potential [opt-ins'] claims may be time-barred even though they will receive the Notice, it must not appear that their ability to participate in any

settlement is guaranteed." *Moran v. Ceiling Fans Direct, Inc.*, 2006 U.S. Dist. LEXIS 72586, *5 (S.D. Tex. Oct. 5, 2006). The same logic applies here with respect to participation in the collective action, if certified. Second, the proposed notice contains only a single statement that "[Defendants] deny that they have violated the law and are defending against our lawsuit" (Rec. Doc. 13-5), but district courts within the Fifth Circuit often "allow the notice to contain a brief explanation of [the defendant's] bases for disputing liability." *Tolentino v. C & J Spec-Rent Services Inc.*, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010). Third, the Notice does not contain the contact information for defense counsel. *Tolentino*, 716 F. Supp. 2d at 655. Defendants reserve their further objections to Plaintiff's proposed notice until such time as it may become necessary to address same if the Court were to deny Defendants' request for a stay and grant Plaintiff's motion to conditionally certify this lawsuit as a collective action. However, certain overarching issues with the opt-in procedure must be addressed at this juncture.

First, Plaintiffs have proposed a 90-day opt-in period for the collective action, if it is conditionally certified. This proposed opt-in period is too long. Plaintiff has been soliciting employees and/or former employees of PLS and/or PEI since January 2015. Given the length of time Plaintiff's counsel has been promoting the litigation and soliciting opt-ins, an additional ninety-day opt-in period is unnecessary. Even in light of their past solicitation, Plaintiff apparently presumes that notice is automatic, but courts within the Fifth Circuit have indicated that "notice is by no means mandatory." *Valcho v. Dallas County Hosp. Dist.*, 574 F.Supp.2d 618, 621 (N.D. Tex. 2008) (emphasis added), citing *Harris v. FFE Transp. Servs. Inc.*, 2006 U.S. Dist. LEXIS 51437, *2 (N.D. Tex. May 15, 2006) (citing *Hall v. Burk*, 2002 U.S. Dist. LEXIS 4163, *2 (N.D. Tex. March 11, 2002)). Ultimately, Plaintiff has had a sufficient amount of time to encourage joinder in the litigation and, as a result, the opt-in period should be limited to another thirty days, at most. *See, e.g., Kaiser*

*v. At the Beach, Inc.*, 2009 U.S. Dist. LEXIS 109362, *16 (N.D. Okla. Nov. 24, 2009) (limiting opt-in period to 30 days, "indicating that many potential plaintiffs [had] already been notified" and deciding that "an additional notice period of thirty days" was sufficient under the circumstances).

It is Defendants' understanding that, in the event of conditional certification of this action, the parties would be asked to confer and agree upon a proper notice to be issued to the proposed collective action members, if necessary. Defendants anticipate that this would be done after the certification motion is decided, so Plaintiff's proposed notice is premature. Thus, Defendants reserve their objections to Plaintiff's proposed notice until after the certification decision, if necessary.

## IV. CONCLUSION

Plaintiff has not carried their burden of demonstrating that a collective action should be certified under any standard that might apply. While the burden is light, it is a burden nonetheless and certification is not automatic under any standard. Courts have a responsibility to deny initial conditional certification where it is clear at the outset based upon the nature of the claims that the Plaintiff is not similarly situated to the putative class. The *Lusardi* approach has already been criticized for its waste and inefficiency, and there is no reason to compound the issue by delaying the inevitable and recognizing when Plaintiff cannot show she is similarly situated to the putative class based on the claims they have asserted. *Camp,* 2002 U.S. Dist. LEXIS 21903, *9 n. 4.

Respectfully submitted,

/s/ MELISSA A. DEBARBIERIS
Melissa A. DeBarbieris (La. Bar #32124)
BRUNO & BRUNO, LLP
855 Baronne Street
New Orleans, Louisiana 70113
Telephone: (504) 525.1335
Facsimile: (504) 561.6775
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on September 6, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record for all other parties.

                                  /s/ Melissa A. DeBarbieris
                                  MELISSA A. DEBARBIERIS