# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

WENDY NIETO, on behalf of herself and                    CIVIL ACTION
other persons similarly situated

VERSUS                                                   NO. 16-5352

PIZZATI ENTERPRISES, INC., et al.                        SECTION: G (2)

## ORDER

Plaintiff Wendy Nieto ("Plaintiff"), on behalf of herself and other persons similarly situated, alleges that Defendants Pizzati Enterprises, Inc., Pizzati Labor Services, Inc., Miriam Pizzati, and Maria Murillo (collectively "Defendants") failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.[1] Pending before the Court is Defendants' "Motion to Dismiss Pursuant to Rule 12(b)(6)."[2] Having reviewed the motion, the memoranda in support and in opposition, and the applicable law, the Court will deny the motion at this time and grant Plaintiff leave to amend her complaint.

## I. Background

In her complaint, Plaintiff alleges that she was hired by Defendants in approximately November 2015 as a manual laborer and that she worked for Defendants in Louisiana.[3] Plaintiff states that her job duties included demolition and cleaning and that Defendants' jobsites were populated by at least twenty other manual laborers.[4] Plaintiff further asserts that Defendants paid her $10.00 per hour and that "[f]or every hour that she worked in excess of forty in a particular

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 8.

[3] Rec. Doc. 1 at 1, 2.

[4] *Id.* at 2.

week she was still paid $10.00 per hour."[5] Plaintiff alleges that Defendants failed to pay her one and a half times her regular hourly rate for all hours worked in excess of forty hours in a workweek, in violation of section 207 of FLSA.[6] Plaintiff seeks to recover from Defendants unpaid wages, interest, liquidated damages, and attorneys' fees and costs on behalf of herself and other similarly situated employees who worked for Defendants during the past three years.[7] Plaintiff also seeks declaratory and injunctive relief.[8]

On May 12, 2016, Plaintiff filed a complaint in this action on behalf of herself and all others similarly situated.[9] On July 7, 2016, Defendants filed the instant motion.[10]  On July 26, 2016, Plaintiff filed a memorandum in opposition to the motion.[11] With leave of the Court, Defendants filed a reply on August 2, 2016.[12]

## II. Parties' Arguments

### A.    *Defendants' Arguments in Support of the Motion to Dismiss*

In their motion, Defendants request that this Court dismiss Plaintiff's action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[13] Defendants argue that Plaintiff's allegations cannot support an individual and putative class action under FLSA and that

---

[5] *Id.*

[6] *Id.*

[7] *Id.* at 1–2.

[8] *Id.* at 2.

[9] Rec. Doc. 1.

[10] Rec. Doc. 8.

[11] Rec. Doc. 9.

[12] Rec. Doc. 12.

[13] Rec. Doc. 8-1 at 1.

Plaintiff does not adequately allege that she was an employee of any of the Defendants.[14] Defendants argue that Plaintiff's claim for overtime pay lacks sufficient factual detail, because it consists solely of "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements."[15] Defendants assert that Plaintiff's complaint alleges that she "normally worked more than 40 hours a week" for Defendants, that "Defendants never paid Plaintiff one and a half times her hourly rate for all hours worked in excess of forty in a workweek," and that "Defendants willfully violated Plaintiff's rights under the FLSA because Defendants knew or showed reckless disregard for the fact that their compensation practices violated the FLSA."[16]

These allegations, Defendants argue, amount to nothing more than conclusions about Defendants' overtime payment practices, "devoid of any factual support."[17] Defendants contend that dismissal of a FLSA collective action for overtime compensation is appropriate when the plaintiffs offer no description of the policies or practices they allege harmed them and no approximation of the number of hours worked for which they were not compensated.[18] Defendants further contend that merely describing alleged FLSA allegations as willful does not suffice when the complaint contains no factual allegation to support a claim that the violations were willful.[19]

---

[14] *Id.* at 2.

[15] *Id.* at 4 (citing *Roque v. Jazz Casino Co., LLC*, 388 Fed. App'x 402, 405 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

[16] *Id.* (citing Rec. Doc. 1 at 5).

[17] *Id.*

[18] *Id.* (citing *Creech v. Holiday CVS, LLC*, 2012 WL 4483384 (M.D. La. Sept. 28, 2012); *Pickering v. Lorillard Tobacco Co.*, 2011 WL 111730 (M.D. Ala. Jan. 13, 2011); *Hodczak v. Latrobe Specialty Steel Co.*, 2009 WL 911311 (W.D. Pa. Mar. 31, 2009); *Mell v. GNC Corp.*, 2010 WL 4668966, (W.D. Pa. Nov. 9, 2010)).

[19] *Id.* at 5 (citing *Mell*, 2010 WL 4668966 at *8).

Next, Defendants argue that Plaintiff has failed to establish that Defendants are her employers.[20] Defendants assert that only employers may be held liable under FLSA for unpaid wages and that an entity employs an individual under FLSA if it "suffer[s] or permit[s]" that individual to work.[21] Defendants also aver that an employer is defined under FLSA as including "any person acting directly or indirectly in the interest of an employer in relation to an employee" and that the term "employer" may be interpreted to encompass one or more joint employers.[22] Defendants assert that the Fifth Circuit considers five factors in determining whether a defendant is a joint employer under FLSA: (1) whether or not the employment takes place on the premises of the company; (2) how much control the company exerts over the employees; (3) whether the company has the power to fire, hire, or modify the condition of the employees; (4) whether the employees perform a specialty job within the production line; and (5) whether the employee may refuse to work for the company or work for others.[23]

Defendants represent that the "economic reality" test is also key in determining whether a defendant is a joint employer for purposes of FLSA.[24] According to Defendants, the factors considered under the "economic reality" test include: (1) the employer's right to control the work; (2) the worker's opportunity to influence his profit or loss depending on his managerial skill; (3) the worker's investment in equipment and materials; (4) whether the service requires special skills;

---

[20] *Id.*

[21] *Id.* (citing 29 U.S.C. § 216(b)).

[22] *Id.* (citing 29 U.S.C. § 203(d); *Falk v. Brennan*, 414 U.S. 190 (1973)).

[23] *Id.* at 5–6 (citing *Mendoza v. Essential Quality Const., Inc.*, 691 F. Supp. 2d 680 (E.D. La. 2010) (citing *Hodgson v. Griffin and Brand of McAllen, Inc.*, 471 F.2d 235, 237–38 (5th Cir. 1973); *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 669–70 (5th Cir. 1968)).

[24] *Id.* at 6 (citing *Mendoza*, 691 F. Supp. 2d at 684–85).

and (5) the degree of permanence of the working relationship.[25] The ultimate issue, Defendants assert, is "whether as a matter of 'economic reality' the particular worker is an employee."[26]

Here, Defendants argue, Plaintiff has not alleged sufficient facts to indicate that, as a matter of economic reality, Defendants employed Plaintiff.[27] Defendants note that Plaintiff makes one allegation that she and the members of the proposed class were employees of Defendants, but Defendants argue that Plaintiff does not provide any facts to demonstrate that any of the Defendants exerted "control over the decision to compensate Plaintiff or fire Plaintiff."[28] Defendants further contend that Plaintiff offers no factual allegations to establish that Defendants were her employer under either a joint employer analysis or the economic reality test.[29]

Courts have dismissed FLSA claims, Defendants argue, where a plaintiff fails to plead, "other than in a conclusory fashion," sufficient facts to establish that he or she was employed by a defendant.[30] According to Defendants, the "inescapable conclusion" from the Supreme Court's decisions in *Iqbal* and *Twombly* is that Plaintiff is not allowed to "rope Defendants" into a collective action on the basis of conclusory allegations.[31] Defendants argue that the Court should apply the pleading standards of *Iqbal* and *Twombly* to prevent Plaintiff from requiring Defendants to "expend substantial amounts of time and money on procedural matters related to this collective

---

[25] *Id.* (citing *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993); *Usery v. Pilgrim Equip. Co., Inc.*, 527 F.2d 1308 (5th Cir. 1976)).

[26] *Id.* (citing *Halferty v. Pulse Drug Co., Inc.*, 821 F.2d 261, 265 (5th Cir. 1987) (citing *U.S. v. Silk*, 331 U.S. 704, 713 (1947)).

[27] *Id.*

[28] *Id.* at 7.

[29] *Id.*

[30] *Id.* (citing *Zhang v. L.G. Apparel, Inc.*, 2011 U.S. Dist. LEXIS 26816 (E.D.N.Y.  Feb. 18, 2011); *Hart v. Rick's Cabaret, Int'l, Inc.*, 2010 U.S. Dist. LEXIS 137129, *3–4 (S.D.N.Y. 2010)).

[31] *Id.* at 8 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

action and on discovery" while Plaintiff conducts a "fishing expedition" for facts to support the conclusory allegations in her complaint.[32]

**B.      Plaintiff's Arguments in Opposition to the Motion**

In opposition to Defendant's motion to dismiss, Plaintiff argues that her complaint sufficiently alleges that Defendants violated FLSA by failing to pay overtime wages and plausibly establishes an employment relationship between herself and Defendants.[33] Plaintiff asserts that her complaint alleges that she was paid $10 per hour, even for hours worked in excess of 40 in a workweek.[34] According to Plaintiff, the complaint also states that she normally worked over 40 hours in a workweek and that Defendants never paid her one and a half times her hourly rate for those hours worked in excess of forty hours.[35]

Plaintiff notes that Defendants argue that such allegations are conclusory but that another judge in the Eastern District of Louisiana recently denied this same argument in *Palma, et al. v. Tormus, Inc., et al.*[36] According to Plaintiff, in *Palma*, the court denied a defendant's motion to dismiss a plaintiff's FLSA claims where the plaintiff alleged details similar to those alleged by Plaintiff in her complaint.[37] Plaintiff contends that she is not required to allege the specifics of Defendants' business practices at this stage and that her allegations support a plausible claim for relief for Defendants' failure to pay federally mandated wages to both Plaintiff and a putative

---

[32] *Id.*

[33] Rec. Doc. 9 at 1.

[34] *Id.* at 4 (citing Rec. Doc. 1 at 2).

[35] *Id.* (citing Rec. Doc. 1 at 5).

[36] *Id.* (citing No. 15-3025 (E.D. La. Dec. 23, 2015) (Lemelle, J.)).

[37] *Id.*

class.[38] According to Plaintiff, Defendant's "policy and practice" at issue in this case was a "two-check scheme" whereby Defendants "willfully mischaracterized their employees as exempt from" FLSA and paid those employees out of separate LLCs.[39]

Next, Plaintiff argues that she sufficiently pleaded the unpaid overtime amounts in her complaint.[40] Plaintiff asserts that her complaint alleges that: she was hired by Defendants in November 2015; she was paid at a rate of $10 per hour for every hour worked; and she was never paid overtime despite normally working more than 40 hours a week.[41] According to Plaintiff, courts have commonly observed that FLSA defendants often possess the records required to compute the overtime compensation owed to plaintiffs.[42] The Ninth Circuit, Plaintiff asserts, reviewed the decisions of various circuits and concluded that pleading an approximation of compensation due in a FLSA action was not a necessary element of the complaint.[43] Here, Plaintiff argues that she has alleged her rate of pay and date of hire, "both of which are sufficient to put the Defendants on notice of the approximate amount of overtime due."[44] Moreover, Plaintiff asserts, Defendants are required by law to keep records of Plaintiff's hours and wages.[45]

Plaintiff next argues that her complaint sufficiently alleges that Defendants' actions were willful.[46] Plaintiff asserts that her complaint includes an allegation that Defendants utilized a "two-

---

[38] *Id.*

[39] *Id.* at 4–5.

[40] *Id.* at 5.

[41] *Id.* (citing Rec. Doc. 1 at 2, 5).

[42] *Id.* (citing *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012)).

[43] *Id.* at 5–6 (citing *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2015)).

[44] *Id.* at 6.

[45] *Id.* at 6 n.26.

[46] *Id.* at 6.

check scheme," whereby a single business enterprise issues two checks from two separate LLCs to avoid FLSA requirements.[47] Plaintiff contends that this is a common way that employers try to evade FLSA requirements.[48] According to Plaintiff, she alleges that Defendants knew or showed reckless disregard for FLSA by employing such a practice.[49] This allegation, Plaintiff argues, plausibly supports a claim for willfulness.[50]

Finally, Plaintiff argues that her complaint plausibly establishes an employment relationship between herself and Defendants.[51] According to Plaintiff, in FLSA cases, the existence of an employer-employee relationship is subject to two different variations of the same single liability standard—the economic reality of the parties' relationship.[52] One variation, Plaintiff asserts, tests whether a plaintiff was an employee, while the other variation tests whether a defendant was an employer.[53] Plaintiff contends that her complaint pleads multiple facts that give rise to a plausible claim for relief under either test.[54]

According to Plaintiff, the Fifth Circuit employs a five factor test, derived from the Supreme Court case *United States v. Silk*, to determine employee status under FLSA.[55] The five factors include: (1) the permanency of the relationship between the parties; (2) the degree of

---

[47] *Id.*

[48] *Id.* at 6 n. 28 (citing *Esparza v. Kotsmayer Construction, LLC*, No. 15-4644 (E.D. La. July 1, 2016) (Morgan, J.)).

[49] *Id.* at 6.

[50] *Id.*

[51] *Id.*

[52] *Id.*

[53] *Id.* at 6–7.

[54] *Id.* at 7.

[55] *Id.* (citing *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1043 (5th Cir. 1987) (citing *United States v. Silk*, 331 U.S. 704, 715 (1947)).

control exercised by the employer; (3) the skill and initiative required in performing the job; (4) the relative investments of the worker and employer; and (5) whether an employee's opportunity for profit and loss is determined by the employer.[56] The Fifth Circuit espoused a second economic reality test, Plaintiff avers, for cases involving multiple putative employers.[57] Under this test, according to Plaintiff, the Fifth Circuit considers whether an alleged employer: (1) possessed the power to hire and fire the employees; (2) supervised and controlled the employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.[58] This test is used to determine whether an individual or entity is an employer.[59] Plaintiff asserts that both the "employee" test and the "employer" test acknowledge that ultimately the economic reality of the relationship between the parties is the governing principle.[60]

Here, Plaintiff asserts that she alleges that she was a manual laborer, performing cleaning and demolition work.[61] According to Plaintiff, she also alleges in her complaint that Defendants had executive authority over her and other employees, including "the location, duration, and rate of pay of the employees' jobs."[62] Moreover, Plaintiff argues, she alleges that Defendants maintained an employment file on her, that Defendants had the power to hire and fire her, and that

---

[56] *Id.* (citing *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 327 (5th Cir. 1993)).

[57] *Id.* (citing *Wirtz v. Lone Star Steel Co.*, 405 F.2d 668, 670 (5th Cir. 1968)).

[58] *Id.* at 7–8 (citing *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012)).

[59] *Id.* at 8.

[60] *Id.* (citing *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1043 (5th Cir. 1987)).

[61] *Id.* (citing Rec. Doc. 1 at 2).

[62] *Id.* (citing Rec. Doc. 1 at 4).

9

she received checks bearing the Defendants' company names.[63] According to Plaintiff, these allegations touch upon all four factors of the employer economic reality test and at least three of the five factors in the employee economic reality test.[64]

Plaintiff contends that pleading at least one of the employee economic reality factors has been considered sufficient in the Eastern District of Louisiana.[65] According to Plaintiff, in *Carnero v. Patterson Structural Moving & Shoring, LLC*, the complaint alleged that the defendants exerted authority over the plaintiff by setting hours and rate of pay.[66] The *Carnero* court, Plaintiff asserts, found that these allegations were sufficient to overcome a Rule 12(b)(6) motion to dismiss, because the plaintiff had alleged at least one of the employee economic reality factors.[67] According to Plaintiff, courts in the Eastern District of Louisiana have also found that pleading fewer than all four of the employer economic reality factors was sufficient to overcome a Rule12(b)(6) challenge.[68] In *Palma v. Tormus, Inc.*, Plaintiff avers, the court denied a Rule 12(b)(6) challenge to a FLSA action where the plaintiff alleged that the defendants hired, fired, paid, and supervised the plaintiff.[69]

Likewise, Plaintiff asserts, in *Castellanos v. Saints & Santos Construction, LLC, et al.*, another Eastern District of Louisiana case, the court denied a Rule 12(b)(6) challenge to a FLSA action where the plaintiff alleged that the defendants "hired Plaintiff, paid Plaintiff with checks

---

[63] *Id.*

[64] *Id.* at 8–9.

[65] *Id.* at 9.

[66] *Id.* (citing No. 14-2064 (E.D. La. Jan. 15, 2015)).

[67] *Id.*

[68] *Id.*

[69] *Id.* (citing No. 15-3025 (E.D. La. Dec. 23, 2015)).

that bore the company name, and had control over Plaintiff's day to day tasks."[70] Plaintiff argues that her allegations are "very similar, and in fact are more comprehensive than those in *Carnero*, *Palma*, and *Castellanos*."[71] According to Plaintiff, she has alleged a variety of facts that support a plausible claim under both of the economic reality tests, and Defendants' motion to dismiss should be denied.[72]

## C.    *Defendants' Reply in Support of the Motion*

In their reply, Defendants argue that Plaintiff cites to a Ninth Circuit case in support of her assertion that she need not plead an approximation of compensation due in a FLSA action but that she fails to cite to a Fifth Circuit case.[73] Defendants further argue that the Ninth Circuit case cited by Plaintiff notes that district courts that have considered this question are split.[74] Likewise, Defendants argue, the First Circuit case cited by Plaintiff does not support her contention that she is not required to provide a computation of the overtime amounts allegedly owed to her.[75] According to Defendants, the Second and Third Circuits have held that a FLSA overtime complaint must identify a particular week in which a plaintiff was not compensated for work exceeding 40 hours.[76]

---

[70] *Id.* at 9–10.

[71] *Id.* at 10.

[72] *Id.*

[73] Rec. Doc. 12 at 1.

[74] *Id.* (citing *Landers v. Quality Commc'ns*, 771 F.3d 638, 641 (9th Cir. 2014)).

[75] *Id.* at 1–2 (citing *Pruell v. Caritas Christi*, 678 F.3d 10 (1st Cir. 2012)).

[76] *Id.* at 2 (citing *Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106, 113–14 (2d Cir. 2013); *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241–42 (3d Cir. 2013)).

Next, Defendants argue that Plaintiff has not established that Defendants' actions were willful.[77] According to Defendants, the Eastern District of Louisiana case cited by Plaintiff, *Esparza v. Kostmayer Construction, LLC*, does not support Plaintiff's contention that the allegation of a "two-check scheme" serves as sufficient evidence of willful action on the part of Defendants.[78] Defendants argue that Plaintiff's allegations that Defendants' actions were willful should be dismissed.[79] Finally, Defendants argue that Plaintiff has not offered any factual allegations, under either the employee or employer test, in support of her assertion that Defendants were Plaintiff's employers.[80] According to Defendants, Plaintiff fails to establish that Plaintiff, as a matter of economic reality, was dependent upon the business to which she allegedly rendered service or that she was hired or supervised by Defendants.[81] Accordingly, Defendants argue, Plaintiff fails to establish that she was an employee of Defendants and her claims should be dismissed.[82]

### III. Law and Analysis

**A.    *Legal Standard for Motion to Dismiss***

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[83] To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain factual matter, accepted as true, to 'state a claim to relief

---

[77] *Id.*

[78] *Id.* (citing No. 15-4644 (E.D. La. July 1, 2016)).

[79] *Id.*

[80] *Id.*

[81] *Id.* at 2–3.

[82] *Id.* at 3.

[83] Fed. R. Civ. P. 12(b)(6).

that is plausible on its face.'"[84] A claim "has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[85] A complaint need not contain "detailed factual allegations," but rather "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'"[86] In resolving a motion to dismiss, this Court "draw[s] all reasonable inferences in the Plaintiff[s'] favor."[87] Motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and [are] . . . rarely granted."[88]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[89] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[90] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[91] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[92] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a

---

[84]*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[85]*Id.* (citing *Twombly*, 550 U.S. at 556).

[86] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citations omitted).

[87] *Id*.

[88] *Id.*

[89] *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[90] *Iqbal*, 556 U.S. at 677–78.

[91] *Id.* at 679.

[92] *Id.* at 678.

cause of action.[93] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[94] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[95] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[96]

In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings.[97] "If the district court considers information outside of the pleadings, the court must treat the motion [to dismiss] as a motion for summary judgment. Although the court may not go outside the complaint, the court may consider documents attached to the complaint."[98]

## B.   Applicable Law

FLSA sets forth requirements for minimum wage, overtime pay, and record keeping for certain employees who are not exempt because they hold executive, administrative, or professional positions.[99] Under Section 207 of FLSA, employers are generally required to pay their employees one and a half times their regular pay rate for any hours an employee works in excess of forty per week.[100] Section 216(b) of FLSA provides employees wrongfully denied overtime with a cause of

---

[93] *Id.*

[94] *Id.*

[95] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[96] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at *2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

[97] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).

[98] *Id.*

[99] 29 U.S.C. §§ 206(a)(1), 207(a)(1), 213(a)(1).

[100] *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 572 (E.D. La. 2008) (Vance, J.) (citing 29 U.S.C. § 207(a)(1)).

action against their employers and authorizes a single employee or group of employees to bring a collective action against their employer to recover unpaid overtime on their own behalf and on behalf of other "similarly situated" employees.[101] In order to bring a claim for unpaid overtime compensation under FLSA, a plaintiff must show by a preponderance of the evidence: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due."[102] FLSA imposes a two-year statute of limitations for violation of FLSA, but the statute of limitations is extended to three years for willful violations of FLSA.[103] A violation of FLSA is "willful" if "the employer either 'knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute.'"[104]

## C.   *Analysis*

Defendants argue that the Court should dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[105] First, Defendants argue that Plaintiff's complaint insufficiently alleges that Defendants violated FLSA's overtime wage requirements and that Defendants' alleged violations of FLSA were willful.[106] Second, Defendants

---

[101] *England v. Administrators of the Tulane Educ. Fund*, No. 16-3184, 2016 WL 3902595, *2 (E.D. La. July 19, 2016) (Barbier, J.) (citing 29 U.S.C. § 216(b); *Big Lot Stores*, 561 F. Supp. 2d at 572)).

[102] *Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (internal citations omitted). *See also Castellanos v. Saints & Santos Construction, LLC*, No. 16-2501, 2016 WL 3564243, *2 (E.D. La. June 20, 2016) (Lemelle, J.).

[103] *See Ramos v. Al-Bataineh*, 599 Fed. App'x 548, 551 (5th Cir. 2015) (citing 29 U.S.C. § 255(a)).

[104] *Donohue v. Francis Services, Inc.*, No. 04-170, 2005 WL 1155860, *3 (E.D. La. May 11, 2005) (Barbier, J.) (citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

[105] Rec. Doc. 8-1.

[106] *Id.* at 4.

argue that Plaintiff has failed to establish that Defendants are her employers under FLSA.[107]  Third, Defendants argue that Plaintiff's complaint contains no approximation of the amount of overtime compensation due to Plaintiff.[108]  Plaintiff responds that her complaint sufficiently alleges that Defendants violated FLSA by failing to pay her at an overtime rate for hours worked beyond 40 hours a week and that Defendants' actions were willful.[109]  Moreover, Plaintiff argues, her complaint plausibly establishes an employment relationship between Plaintiff and Defendants under both the employee and employer "economic reality tests" established by the Fifth Circuit.[110]  Plaintiff further argues that she has alleged sufficient facts to put Defendants on notice of the amount of overtime compensation due.[111]  The Court will address each of the parties' arguments in turn.

      **1.**      **Whether Plaintiff has Sufficiently Alleged that Defendants Violated FLSA's Overtime Wage Requirements and that Defendants' Alleged Violations were Willful**

Under Section 207 of FLSA, employers are generally required to pay their employees one and a half times their regular pay rate for any hours an employee works in excess of forty per week.[112]  In order to adequately state a claim for unpaid overtime under FLSA, a plaintiff must prove "that the employer violated the FLSA's . . . overtime wage requirements."[113]  Defendants briefly argue that Plaintiff's allegations regarding Defendants' violations of FLSA's overtime wage requirements "amount to nothing more than conclusions about Defendants' overtime pay

---

[107] *Id.*

[108] *Id.* at 5.

[109] Rec. Doc. 9 at 4–5; 6.

[110] *Id.* at 8–10.

[111] *Id.* at 5–6.

[112] *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 572 (E.D. La. 2008) (Vance, J.) (citing 29 U.S.C. § 207(a)(1)).

[113] *Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

practices, devoid of any factual support."[114] Defendants argue that dismissal of a FLSA action for overtime compensation is appropriate when a plaintiff offers "no description of the policies or practices" that allegedly harmed him or her.[115] Defendants appear to argue that Plaintiff has failed to sufficiently plead the third requirement for an unpaid overtime compensation claim, *i.e.* that the employer violated FLSA's overtime wage requirements.[116]

The only decision from the Fifth Circuit that Defendants cite in support of the proposition that Plaintiff has insufficiently alleged the policies or practices that allegedly harmed her is a decision by a Western District of Louisiana court in *Creech v. Holiday CVS, LLC*.[117] In that case, the court explained that the issue presented by the defendants' motion to dismiss the plaintiffs' collective action under FLSA was "rather narrow—whether the Complaint contains sufficient facts such that it is plausible that Plaintiff and the proposed class members are similarly situated with respect to their job requirements and pay provisions."[118] The court noted that it had denied the defendants' motion to dismiss the plaintiff's individual claim but went on to hold that the complaint lacked sufficient factual detail to demonstrate that *the other class members* were subject to the same pay provisions.[119] Here, however, Defendants do not argue that Plaintiff has failed to demonstrate that the other class members were similarly situated. The *Creech* court's determination that the plaintiff in that case had failed to allege with sufficient detail the similarity of class members has little relevance to the instant motion to dismiss Plaintiff's claim under FLSA for overtime compensation.

---

[114] Rec. Doc. 8-1 at 4.

[115] *Id.*

[116] *Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

[117] No. 11-46, 2012 WL 4483384 (W.D. La. Sept. 28, 2012) (Jackson, J.).

[118] *Id.* at *2 (internal quotation marks and citation omitted).

[119] *Id.* at *3.

Plaintiff alleges that she was employed by Defendants as a manual laborer, that she was paid by the hour, that she normally worked over forty hours in a workweek, and that she was never paid one and a half times her regular rate of pay.[120] Plaintiff further alleges that Defendant Miriam Pizzati is an owner and president of Defendant Pizzati Labor Services, Inc. and that Defendant Maria Murillo is an owner and president of Pizzati Enterprises, Inc.[121] Moreover, Plaintiff alleges that Defendants paid Plaintiff by check, "with some checks bearing the name 'Pizzati Labor Services, Inc.' and others bearing the name 'Pizzati Enterprises, Inc.'"[122] These are all factual allegations that, if proven, would provide a sufficient factual basis for the required element of Plaintiff's claim that Defendants violated FLSA's overtime wage requirements by failing to pay a non-exempt employee one and a half times her regular rate for hours worked in excess of forty in a workweek.[123] Accordingly, the Court finds that dismissal is not warranted on this ground.

Having found that Plaintiff has sufficiently alleged facts to plead the third requirement for an overtime compensation claim, *i.e.* that Defendants violated FLSA's overtime wage requirements, the Court now turns to Defendants' argument that Plaintiff has not sufficiently alleged facts to support her claim that Defendants' violation of FLSA was willful.[124] Defendants argue that Plaintiff's complaint merely describes Defendants' alleged FLSA violations as willful but does not contain any factual allegations to support such a claim.[125] A violation of FLSA is "willful" if "the employer either 'knew or showed reckless disregard for . . . whether its conduct

---

[120] Rec. Doc. 1 at 5.

[121] *Id.* at 4.
[122] *Id.*

[123] 29 U.S.C. § 207(a)(1). *See also Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (In order to bring an action for unpaid overtime compensation, the plaintiff must demonstrate that "the employer violated the FLSA's overtime wage requirements.").

[124] Rec. Doc. 8-1 at 5.

[125] *Id.*

was prohibited by the statute."[126] Plaintiff bears the burden of proving willfulness,[127] and a willful violation of FLSA may be established by showing that management knew they were violating FLSA.[128]

Here, the complaint alleges that Defendants paid Plaintiff at an hourly rate for work performed as a manual laborer, that Plaintiff "normally worked more than 40 hours a week" for Defendants, and that Defendants failed to pay her one and a half times her regular rate for hours worked in excess of forty in a workweek.[129] Moreover, the complaint alleges that Defendants supervised Plaintiff's day to day work activities and set her schedule, suggesting that Defendants were aware that she was "normally" working more than 40 hours in a workweek.[130] Plaintiff also alleges that "Defendants were and are aware of the custom and practice of overtime pay from their experience and expertise in the industry in which they work."[131] Finally, Plaintiff alleges that Defendants utilized a "two-check scheme" to pay her for her work, *i.e.* Plaintiff alleges that Defendants paid her by check, "with some checks bearing the name 'Pizzati Labor Services, Inc.' and others bearing the name 'Pizzati Enterprises, Inc.'"[132] These facts alleged in Plaintiff's complaint plausibly support the claim that Defendants knew their payment practices were in violation of FLSA and that Defendants' actions were willful.[133] Because these alleged facts, if

---

[126] *Donohue v. Francis Services, Inc.*, No. 04-170, 2005 WL 1155860, *3 (E.D. La. May 11, 2005) (Barbier, J.) (citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

[127] *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).

[128] *Johnson v. Big Lots Stores, Inc.*, 604 F.Supp.2d 903, 924 (E.D. La. Apr. 2, 2009) (Vance, J.) (citing *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821–22 (5th Cir. 2003)).

[129] Rec. Doc. 8-1 at 5.

[130] *Id.* at 3–4.

[131] *Id.* at 5.

[132] Rec. Doc. 1 at 5.

[133] *See Wischnewsky v. Coastal Gulf & Intern., Inc.*, No. 12-2277, 2013 WL 1867119, (E.D. La. May 2, 2013) (Brown, J.) (sustaining a claim for willful violation of FLSA where plaintiffs alleged that they were hired as non-exempt workers, were provided guidelines stating that non-exempt workers were entitled to overtime, regularly

proven, would give rise to a plausible claim for relief, dismissal of Plaintiff's claim that Defendants willfully violated FLSA is not warranted.[134]

### 2.     Whether Plaintiff has Alleged Sufficient Facts to Establish an Employment Relationship

An employee bringing an action under FLSA must demonstrate that "there existed an employer-employee relationship during the unpaid overtime periods claimed."[135] Under FLSA, an "employee" is defined as "an individual employed by an employer," and the term "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee."[136] The Fifth Circuit uses the "economic reality" test to evaluate whether there is an employer/employee relationship under FLSA.[137] To consider whether an individual or entity is an employer, the Court considers whether the alleged employer: "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."[138] Each element need not be present in every case.[139] In cases where there may be more

---

worked more than 40 hours per week with defendants' knowledge, were directed not to keep track of their overtime, and were not paid overtime); *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821–22 (5th Cir. 2003) (Willful violation of FLSA may be established by showing that management knew they were violating FLSA).

[134] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)) (Complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.).

[135] *Id.*

[136] *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010) (citing 29 U.S.C. § 203(d), (e)).

[137] *Id.* (citing *Goldberg v. Whitaker House Coop., Inc.*, 366 U.S. 28, 33 (1961) ("[E]conomic reality rather than technical concepts is to be the test of employment.")). *See also Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).

[138] *Gray*, 673 F.3d at 355 (internal citation omitted).

[139] *Id.*

20

than one employer, the Court "must apply the economic realities test to each individual or entity alleged to be an employer and each must satisfy the four part test."[140]

In determining whether a plaintiff is an employee under FLSA, the Fifth Circuit has held that courts focus on "whether the alleged employee, as a matter of economic reality, is economically dependent upon the business to which she renders her services."[141] To determine employee status under this "economic reality" test, the Fifth Circuit has articulated five factors to consider: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and alleged employer; (3) the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship."[142] These factors are "merely aids" in determining the underlying question of dependency, and no single factor is determinative.[143]

In her complaint, Plaintiff alleges that Defendant Pizzati Enterprises, Inc. determined Plaintiff's work schedule, supervised the day to day work activities of Plaintiff, and maintains an employment file for Plaintiff.[144] Moreover, Plaintiff alleges, some of the checks she received for her employment as a manual laborer bore the name "Pizzati Enterprises, Inc."[145] Plaintiff alleges that Defendant Pizzati Labor Services, Inc. supervised the day to day work activities of Plaintiff, determined Plaintiff's work schedule, and maintains an employment file on Plaintiff.[146] Plaintiff

---

[140] *Id.* (citing *Watson v. Graves*, 909 F.2d 1549, 1553 (5th Cir. 1990)).

[141] *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 327 (5th Cir. 1993) (citing *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1043, 1054 (5th Cir. 1987)).

[142] *Id.*

[143] *Id.* (citing *Mr. W Fireworks*, 814 F.2d at 1054).

[144] Rec. Doc. 1 at 3.

[145] *Id.*

[146] *Id.* at 3, 4.

further alleges that some of the paychecks she received for her employment as a manual laborer bore the name "Pizzati Labor Services, Inc."[147]

Regarding Defendant Miriam Pizzati, Plaintiff alleges that she is an owner and president of Defendant Pizzati Labor Services, Inc., that she had the authority to hire and fire Pizzati Labor Services, Inc. employees, including Plaintiff, and that she maintained executive authority over the jobs Pizzati Labor Services, Inc. employees were provided, including the location, duration, and rate of pay for those jobs.[148] Likewise, Plaintiff alleges that Defendant Maria Murillo is an owner and president of Defendant Pizzati Enterprises, Inc., that Murillo had the authority to hire and fire Pizzati Enterprises, Inc. employees, including Plaintiff, and that Murillo maintained executive authority over the jobs Pizzati Enterprises, Inc. employees were provided, including the location, duration, and rate of pay for those jobs.[149]

Plaintiff's complaint contains allegations that Defendants Pizzatti Enterprises, Inc. and Pizzati Labor Services, Inc. supervised and controlled Plaintiff's work schedules and maintain an employment file for Plaintiff, which indicate employer status for FLSA purposes under factor two and factor four of the "economic reality" test.[150] Moreover, Plaintiff alleges that she received checks that bore the name of Defendants Pizzati Enterprises, Inc. and Pizzati Labor Services, Inc.[151] These alleged facts suggest employer status under factor three of the "economic reality" test, as it indicates that Defendants Pizzati Enterprises, Inc. and Pizzati Labor Services, Inc. may

---

[147] *Id.*

[148] *Id.* at 4.

[149] *Id.*

[150] *Id.* at 3. *See also Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).

[151] Rec. Doc. 1 at 3.

have determined the method of payment to Plaintiff.[152] Plaintiff's allegations regarding Defendants Miriam Pizzati and Maria Murillo implicate factors one (power to fire and hire), two (supervised and controlled employment conditions), and three (determined rate of pay) of the "economic reality" test.[153] Plaintiff has alleged sufficient facts in her complaint to indicate, as a matter of "economic reality," that each Defendant was her employer for FLSA purposes.[154]

Moreover, Plaintiff has alleged sufficient facts to indicate that she is an employee for FLSA purposes under the "economic reality" test to determine employee status.[155] Plaintiff's complaint contains allegations that Defendants supervised her day to day work activities and controlled the location, duration, and rate of pay for her work.[156] Plaintiff also alleges that she was a manual laborer, performing cleaning and demolition work at Defendants' jobsites.[157] Plaintiff's allegations indicate that Defendants had a high degree of control over Plaintiff's schedule and her day to day activities at the jobsites, which indicate employee status for FLSA purposes under factor one of the Fifth Circuit's "economic reality" test (degree of control exercised by alleged employer).[158] Plaintiff's allegations also indicate that she is an employee for FLSA purposes under factor three of the "economic reality" test, because Plaintiff, as a manual laborer paid by the hour, had no "opportunity for profit or loss" through her own initiative as an independent contractor or

---

[152] *Gray*, 673 F.3d at 355.

[153] Rec. Doc. 1 at 4. *See also Gray*, 673 F.3d at 355.

[154] *See Gray*, 673 F.3d at 357 (holding that "each element" of the "economic reality" test need not be present in each case). *See also Castellano v. Saints & Santos Construction, LLC*, No. 16-2501, 2016 WL 3564243, *3 (E.D. La. June 20, 2016) (Lemelle, J.) (finding employer status under FLSA where plaintiff used his own tools at work but defendant provided paint, hired plaintiff, paid plaintiff checks that bore the company name, and had control over plaintiff's day to day tasks).

[155] *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 327 (5th Cir. 1993) (internal citation omitted).

[156] Rec. Doc. 1 at 3–4.

[157] *Id.* at 2.

[158] *Reich*, 998 F.2d at 327.

entrepreneur might.[159] Additionally, Plaintiff's job duties, cleaning and demolition work, require limited skill and initiative, indicating employee status under factor four of the "economic reality" test.[160]

As the Fifth Circuit has indicated, the factors of the "economic reality" test are "merely aids in determining the underlying question of dependent, and no single factor is determinative."[161] Plaintiff's complaint implicates three of the factors outlined by the Fifth Circuit and indicates that "as a matter of economic reality," she was economically dependent on the Defendants "to which she render[ed] her services" and was not "in business for herself."[162] Accordingly, the Court finds that Plaintiff has alleged sufficient facts to demonstrate that she is an employee and that Defendants are employers for FLSA purposes.[163]

### 3. Whether Plaintiff has Alleged Sufficient Facts Regarding the Amount of Overtime Compensation Due

In order to bring a claim for unpaid overtime compensation under FLSA, a plaintiff must prove the amount of overtime compensation due.[164] Courts in the Eastern District of Louisiana have found that a plaintiff sufficiently pleads this requirement for an unpaid overtime

---

[159] *Id. See also Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1051 (5th Cir. 1987) (holding that operators of fireworks stands were "more closely akin to wage earners toiling for a living than to independent entrepreneurs seeking a return on their risky capital investments" where operators made only minimal investments in business, employer controlled price of product and advertising, and defendant unilaterally established operators' rate and means of compensation).

[160] *Reich*, 998 F.2d at 327.

[161] *Id.* (citing *Mr. W Fireworks, Inc.*, 814 F.2d at 1054).

[162] *Id.* (citing *Donovan v. Tehco*, 642 F.2d 141, 143 (5th Cir. 1981)).

[163] *See Castellano v. Saints & Santos Construction, LLC*, No. 16-2501, 2016 WL 3564243, *3 (E.D. La. June 20, 2016) (Lemelle, J.). *Accord Martin v. Spring Break '83 Productions, LLC*, 688 F.3d 247, 251 (5th Cir. 2012) (upholding district court finding that four defendants were not employers for FLSA purposes where only one factor of the economic reality test weighed in favor of finding two defendants to be employers and plaintiffs presented no evidence of economic reality test factors with regards to the remaining defendants).

[164] *Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

compensation claim by alleging sufficient facts to put the defendant on notice as to "the approximate date ranges, as well as the approximate number of hours worked" for which the plaintiff claims that he or she was under-compensated.[165] For example, in *Mejia v. Brothers Petroleum, LLC*, the court held that plaintiffs who alleged that they worked "approximately 70-80 hours per week before July of 2012, and then approximately 50 hours per week thereafter, without receiving overtime pay," had pleaded the uncompensated overtime element of their FLSA claim with sufficient particularity.[166] By contrast, in *England v. Administrators of Tulane Education Fund*, the court held that a FLSA plaintiff had failed to plead sufficient facts regarding the amount of overtime due where the complaint alleged that the plaintiff "routinely worked overtime hours" and that the employer had paid some overtime but still owed for "numerous hours."[167] The *England* court found that the plaintiff's allegations failed to put Defendant on notice of the approximate date ranges and approximate number of hours worked for which the plaintiff claimed he was under-compensated.[168]

Here, Plaintiff alleges that she was hired by Defendants in "approximately November 2015" and that "[f]or every hour that she worked in excess of forty in any particular week she was still paid $10.00 per hour."[169] Plaintiff also alleges generally that Defendants violated the overtime provisions of FLSA by not paying Plaintiff and other similarly situated employees one and a half times their regular rate for all hours worked in excess of forty in a workweek from "at least May

---

[165] *England v. Administrators of the Tulane Educational Fund*, No. 16-3184, 2016 WL 3902595, *3 (E.D. La. July 19, 2016) (Barbier, J.) (citing *Mejia v. Bros. Petroleum, LLC*, No. 12-2481, 2015 WL 3619804, *6 (E.D. La. June 9, 2015) (Vance, J.)).

[166] No. 12-2481, 2015 WL 3619804, at *6 (E.D. La. June 9, 2015) (Vance, J.).

[167] No. 16-3184, 2016 WL 3902595, at *3 (E.D. La. July 19, 2016) (Barbier, J.).

[168] *Id.*

[169] Rec. Doc. 1 at 2.

2013 and continuing until the present."[170] Although Plaintiff alleges that she "normally worked more than 40 hours a week for Defendants," she does not indicate the time period during which she regularly worked more than forty hours a week and was denied overtime compensation by Defendants.[171] Plaintiff does not allege whether she is still an employee of Defendants and if not, the date that she terminated her employment with Defendants, making it impossible on the face of the complaint to approximate the time period during which she was denied overtime compensation and the amount of overtime compensation due.[172]

Plaintiff argues that a court in the Eastern District of Louisiana recently held that similar pleadings were sufficient to sustain an overtime compensation claim in *Palma, et al. v. Tormus, Inc., et al.*[173] In *Palma*, the plaintiffs alleged that they "often worked more than (40) hours a week" for the defendants.[174] Unlike Plaintiff, however, the *Palma* plaintiffs also alleged the specific time periods during which they were under-compensated.[175] The court found that the plaintiffs sufficiently pleaded an overtime violation by "alleging the amount that Defendants paid Plaintiffs, *the time period during which Plaintiffs worked*, and that Plaintiffs worked in excess of forty (40) hours and were never paid one-and-half times their hourly rate."[176]

Because Plaintiff has not alleged the time period during which she was under-compensated, her complaint fails to put Defendant on notice of "the approximate date ranges and approximate number of hours worked" for which Plaintiff claims she was under-compensated.[177] Accordingly,

---

[170] *Id.* at 6.

[171] *Id.* at 5.

[172] *See Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

[173] No. 15-3025, Rec. Doc. 15 (E.D. La. Dec. 23, 2015) (Lemelle, J.).

[174] No. 15-3025, Rec. Doc. 1.

[175] *Id.* at 2–3.

[176] *Palma, et al. v. Tormus, Inc., et al*, No. 15-3025, Rec. Doc. 15 at 8–9 (E.D. La. Dec. 23, 2015) (Lemelle, J.) (emphasis added).

[177] *England v. Administrators of the Tulane Educ. Fund*, No. 16-3184, 2016 WL 3902595, *3 (E.D. La.

Plaintiff has failed to sufficiently plead the fourth requirement for an overtime claim under FLSA.[178]

However, the Court may grant a plaintiff leave to amend the complaint "when justice so requires."[179] District courts have discretion to grant leave to amend, and Rule 15(a) "evinces a bias in favor of granting leave."[180] Justifications for denying leave to amend include "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, and the futility of the amendment."[181] Allowing a plaintiff to amend a complaint is "futile" when "the amended complaint would fail to state a claim upon which relief could be granted."[182] Here, there is no indication that allowing Plaintiff to amend her complaint would be futile. Plaintiff has sufficiently pleaded that Defendants were employers under FLSA and that she was a non-exempt employee of Defendants for FLSA purposes. Moreover, given the early stage of this litigation, granting leave to amend will not result in undue prejudice to

---

July 19, 2016) (Barbier, J.). *See also Mejia v. Bros. Petroleum, LLC*, No. 12-2481, 2015 WL 3619804, *6 (E.D. La. June 9, 2015) (Vance, J.).

[178] *See Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (In order to bring an action for unpaid overtime compensation, the plaintiff must demonstrate "the amount of overtime compensation due.").

[179] Fed. R. Civ. P. 15(a)(2). *See also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleadings before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling to amend in a manner that would avoid dismissal.").

[180] *See England v. Administrators of the Tulane Educ. Fund*, No. 16-3184, 2016 WL 3902595, *5 (E.D. La. July 19, 2016) (Barbier, J.) (citing *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) (citing *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983)). *See also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion.") (internal citation omitted).

[181] *England*, 2016 WL 3902595, at *5 (citing *Jamieson By and Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985) (citing *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982), *cert. denied*, 464 U.S. 814 (1983)). *See also Martin's Herend Imports, Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999) ("A district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

[182] *Id.* (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)).

Defendants. The Court will therefore allow Plaintiff to amend her pleadings to correct deficiencies regarding the amount of overtime compensation due.[183]

### IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has sufficiently alleged: that Defendants violated FLSA's overtime wage requirements; that Defendants' violation of FLSA's overtime wage requirements was willful; and that an employment relationship existed between Plaintiff and Defendants. Plaintiff has not, however, sufficiently alleged the amount of overtime compensation due as required to state a claim for unpaid overtime compensation under FLSA.[184] The Court grants Plaintiff leave to amend her pleadings to correct deficiencies regarding the amount of overtime compensation. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' "Motion to Dismiss for Failure to State a Claim"[185] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint within 21 days, or the Court will dismiss her claims with prejudice.

**NEW ORLEANS, LOUISIANA**, this  29th  day of November, 2016.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[183] *See id. See also Teaney v. Kenneth & Co. Honey Do Services, LLC*, No. 13-4211, 2014 WL 3435416, *5 (N.D. Tex. July 15, 2014) (Lindsay, J.) (allowing plaintiff to amend complaint to properly allege coverage under FLSA where amending complaint was not futile and defendants were not unduly prejudiced).

[184] *See Johnson v. Heckmann Water Res., Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (In order to bring an action for unpaid overtime compensation, the plaintiff must demonstrate "the amount of overtime compensation due.").

[185] Rec. Doc. 6.