# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WENDY NIETO, on behalf of herself and other persons similarly situated** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-5352** |
| **PIZZATI ENTERPRISES, INC., et al.** | **SECTION: "G" (2)** |

## <u>ORDER</u>

Plaintiff Wendy Nieto ("Nieto"), on behalf of herself and other persons similarly situated, alleges that Defendants Pizzati Enterprises, Inc., Pizzati Labor Services, Inc., Miriam Pizzati, Maria Murillo, and Taylor Enterprises of Louisiana, LLC (collectively "Defendants") failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.[1] Pending before the Court are: (1) Defendants' "Motion to Stay Plaintiff's Motion for Conditional Class Certification"[2] and (2) Nieto's "Motion for Conditional Class Certification."[3] Having reviewed the motions, the memoranda in support and in opposition, and the applicable law, the Court will deny Defendants' motion to stay and grant Nieto's motion for conditional class certification.

## <u>I. Background</u>

Nieto originally filed this action, on behalf of herself and others similarly situated, alleging that she worked as a manual laborer for Defendants Pizzati Enterprises, Inc., Pizzati Labor Services, Inc., Miriam Pizzati, and Maria Murillo and that Defendants failed to pay her overtime

---

[1] Rec. Doc. 1 at 1.

[2] Rec. Doc. 15.

[3] Rec. Doc. 13.

wages in violation of FLSA.[4] Nieto has since amended her complaint to add Plaintiffs Anderson Inoa ("Inoa"), Hector Campos ("Campos"), Juan Ortega ("Ortega"), Karen Alvarez ("Alvarez"), Nestor Jose Meza Arco ("Arco"), and Olman Hernandez ("Hernandez") and to name Taylor Enterprises of Louisiana, LLC ("Taylor Enterprises") as an additional Defendant.[5] Plaintiffs state that they all worked as manual laborers for Defendants and that Defendants' jobsites are populated by at least twenty other manual laborers.[6] Plaintiffs seek unpaid wages, interest, liquidated damages, attorneys' fees, and costs on behalf of themselves and other similarly situated employees who worked for Defendants during the past three years.[7]  Plaintiffs also seek declaratory and injunctive relief.[8]

On May 12, 2016, Nieto filed a complaint in this action on behalf of herself and all others similarly situated.[9] On November 29, 2016, the Court ordered Nieto to file an amended complaint within 21 days to adequately plead the amount of overtime compensation due as required to state a claim for unpaid overtime compensation under FLSA.[10] On December 6, 2016, Nieto filed a first amended complaint,[11] and Defendants filed an answer to the first amended complaint on January 10, 2017.[12] On January 30, 2017, the magistrate judge granted Nieto's motion to file a second

---

[4] Rec. Doc. 1 at 1.

[5] Rec. Doc. 41-1 at 1.

[6] *Id.* at 2.

[7] *Id.*

[8] *Id.* at 2.

[9] Rec. Doc. 1.

[10] Rec. Doc. 30 at 28.

[11] Rec. Doc. 31.

[12] Rec. Doc. 38.

amended complaint to add six Plaintiffs and to name Taylor Enterprises, who is alleged to be another employer of Plaintiffs, as a Defendant.[13]

On August 19, 2016, Nieto filed the instant motion for conditional class certification.[14] Defendants filed an opposition to the motion for conditional class certification on September 6, 2016.[15] With leave of Court, Nieto filed a reply on September 16, 2016.[16]  On September 6, 2016, Defendants filed the instant motion to stay consideration of Nieto's motion for conditional class certification.[17] On September 20, 2016, Nieto filed an opposition to the motion to stay.[18]

## II. Parties' Arguments

A.  *Defendants' Motion to Stay Consideration of Nieto's Motion for Conditional Class Certification*

### 1.    Defendants' Arguments in Support of the Motion to Stay

In their motion, Defendants request that the Court stay consideration of Nieto's motion for conditional class certification,[19] because: (1) at the time that Defendants filed this motion, Defendants' motion to dismiss[20] was still pending before the Court; and (2) Defendants should be afforded the opportunity to conduct limited discovery before responding to Nieto's motion for conditional certification.[21] Defendants argue that they should be given leave to complete limited

---

[13] *See* Rec. Docs. 41, 45.

[14] Rec. Doc. 13.

[15] Rec. Doc. 14.

[16] Rec. Doc. 19.

[17] Rec. Doc. 15.

[18] Rec. Doc. 20.

[19] Rec. Doc. 13.

[20] Rec. Doc. 8.

[21] Rec. Doc. 15-1 at 1.

pre-conditional certification discovery to test the evidence Nieto has proffered in support of her assertion that the proposed collective action members are similarly situated.[22] Defendants aver that it is appropriate for courts to order limited discovery before conditional certification so that defendants may "test the veracity of plaintiffs' . . . allegation that they are similarly situated victims of a common decision, policy, or plan."[23]

Defendants assert that Nieto's complaint alleges that she regularly worked more than 40 hours in a week and did not receive overtime compensation but that Nieto has not provided declarations from any other employees that she alleges could be similarly situated.[24] Defendants acknowledge that the Fifth Circuit has held that the usual practice in FLSA cases is for a district court to determine whether conditional certification is appropriate based solely on pleadings and affidavits.[25] However, Defendants argue, there is no rule prohibiting discovery or consideration of evidence outside the pleadings and affidavits.[26]

### 2. Nieto's Arguments in Opposition to the Motion to Stay

In opposition to Defendant's motion to stay, Nieto argues that the motion should be denied, because Defendants have not made any attempts to begin discovery in this matter and discovery on class issues is not necessary under the *Lusardi* approach to determining conditional FLSA certification.[27] If the motion is granted, Nieto requests that the statute of limitations be tolled during

---

[22] *Id.* at 3 (citing *Clay v. Huntington Ingalls, Inc.*, 2011 U.S. Dist. LEXIS 155351, at *11 (E.D. La. Sept. 29, 2011) (Zainey, J.)).

[23] *Id.* at 5 (citing *Green v. Harbor Freight Tools USA, Inc.*, 2010 U.S. Dist. LEXIS 16094, at *4–5 (D. Kan. Feb. 23, 2010)).

[24] *Id.* at 6.

[25] *Id.* (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995)).

[26] *Id.* (citing *Perez v. Guardian Equity Mgmt., LLC*, 2011 U.S. Dist. LEXIS 73219, at *14 (S.D. Tex. July 7, 2011)).

[27] Rec. Doc. 20 at 1.

the stay in the interests of fairness and justice.[28] According to Nieto, under the *Lusardi* approach, conditional certification is generally determined only on the pleadings and affidavits, and more extensive discovery is contemplated after conditional class certification.[29] This approach, Nieto argues, allows class members to preserve their claims while still guaranteeing defendants the ability to decertify at a later point in the litigation.[30]

Nieto next argues that Defendants have not attempted to schedule Nieto's deposition or propounded any discovery requests, even though they claim to need discovery.[31] Moreover, according to Nieto, Defendants are already in possession of the records pertinent to class certification.[32] Nieto contends that Defendants have not responded to her discovery request and that Defendants should be able to determine which employees are similarly situated from their own payroll records.[33] Moreover, Nieto argues, there is no requirement under FLSA that a plaintiff include the names or declarations of other similarly situated opt-in plaintiffs.[34] However, Nieto argues that since the filing of Defendants' motion, three other employees have opted in to the action, which suggests the existence of other employees who desire to join the collective action.[35]

---

[28] *Id.*

[29] *Id.* at 2 (citing *Mooney*, 54 F.3d at 1213–1214).

[30] *Id.*

[31] *Id.* at 2–3.

[32] *Id.* at 3.

[33] *Id.*

[34] *Id.* (citing *Banegas v. Calmar Corp.*, No. 15-593 (E.D. La. Aug. 6, 2015)).

[35] *Id.* at 4 (citing Rec. Doc. 16).

**B.**     *Nieto's Motion for Conditional Class Certification*

**1.**     **Nieto's Arguments in Support of the Motion for Conditional Certification**

In her motion to conditionally certify the class, Nieto requests that the Court conditionally certify this case as a collective action pursuant to 29 U.S.C. § 216(b) and conditionally certify a class of Defendants' employees limited to:

> "All individuals who worked or are working performing manual labor for Pizzati Enterprises, Inc. or Pizzati Labor Services, Inc. during the previous three years, and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation."[36]

Nieto further requests that the Court direct Defendants to provide Nieto with the names and last known addresses of the potential opt-in plaintiffs and to approve sending of the class notice to the potential opt-in plaintiffs.[37] Nieto also requests that the Court approve an opt-in period of 90 days.[38] In support of conditional certification, Nieto submits her declaration and paychecks she received from Defendants.[39]

Nieto argues that at the early "notice stage" of a FLSA action, the standard for establishing whether a plaintiff is similarly situated to a putative class is a lenient one.[40] According to Nieto, for purposes of authorizing notice during this stage, a court need only make a preliminary determination whether there exists a class of potential similarly situated individuals.[41] Nieto contends that her allegations and declarations establish that there is a likely class of similarly

---

[36] Rec. Doc. 13-1 at 5.

[37] *Id.* at 6.

[38] *Id.*

[39] *Id.*

[40] *Id.* at 11.

[41] *Id.* (citing *White v. Integrated Elec. Techs., Inc.*, 2013 WL 2903070, at *8 (E.D. La. June 13, 2013)).

situated individuals entitled to receive notice.[42] Nieto argues that her sworn declaration shows that the putative class is similarly situated because Nieto and the putative class: worked as laborers for Defendants; were supervised by Defendants' employees; worked the same shifts and took breaks at the same time; performed the same basic tasks; were paid roughly the same amounts; often worked more than 40 hours per week; and did not receive overtime for hours worked in excess of 40 during any particular week.[43]

Nieto contends that these violations and the fact that they stem from Defendants' general failure to pay overtime demonstrate that this action does not arise from circumstances that are purely personal to Nieto, but rather from a generally applicable rule, policy, or practice.[44] Nieto further argues that her allegations of common practices that resulted in FLSA violations suffice to meet her preliminary burden of demonstrating that the putative class is similarly situated for the purposes of 29 U.S.C. § 216(b)[45] and that there is a class of similarly situated workers entitled to receive notice of this suit.[46]

According to Nieto, the Court has discretion to authorize notice to be sent to potential opt-in plaintiffs in this FLSA action.[47] Nieto notes that the statute of limitations on individual workers' claims under FLSA are not automatically tolled, so prompt certification and notice advances the remedial goals of FLSA.[48] Moreover, Nieto argues that notice promotes judicial economy and

---

[42] *Id.* at 12.

[43] *Id.* at 13.

[44] *Id.* at 14.

[45] *Id.*

[46] *Id.* at 15 (citing *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996)).

[47] *Id.*

[48] *Id.* at 18 (citing 29 U.S.C. § 216(b), 29 U.S.C. § 257).

ensures that only those similar situated will join the action.[49] Nieto contends that her proposed notice is accurate and informative and requests that the Court approve her proposed notice.[50] According to Nieto, the proposed notice makes clear that only those employees who did not receive overtime are entitled to join.[51]

To facilitate the sending of the notice and consent forms, Nieto also moves the Court for an order directing Defendants to provide names and last known addresses of potential class members.[52] According to Nieto, district courts routinely grant disclosure of the names and addresses of potential opt-in plaintiffs in conjunction with authorizing notice and the Supreme Court has approved of this practice.[53] Nieto requests that the Court order Defendants to produce this information within two weeks after signing of the order.[54] Finally, Nieto requests an opt-in period of 90 days to allow sufficient time for Defendants' past and present employees, many of whom are non-English speaking, to opt-in to the suit.[55]

### 2.   Defendants' Arguments in Opposition to the Motion for Conditional Certification

In opposition to the motion for conditional certification,[56] Defendants first incorporate all of their arguments from their motion to stay consideration of the motion for conditional

---

[49] *Id.* at 18–19.

[50] *Id.* at 19 (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989)).

[51] *Id.* at 19–20.

[52] *Id.* at 20.

[53] *Id.* (citing *Hoffman-LaRoche*, 493 U.S. at 170).

[54] *Id.*

[55] *Id.* at 21.

[56] Rec. Doc. 14.

certification[57] and contend that they are entitled to conduct pre-conditional certification discovery for the same reasons presented in their motion to stay.[58] Defendants next argue that Nieto bears the burden to demonstrate that she and each member of the putative class are similarly situated.[59] According to Defendants, the Fifth Circuit has not definitively adopted an approach that district courts should utilize when determining whether plaintiffs are similarly situated for FLSA purposes,[60] but the two-step *Lusardi* approach has been embraced more often by courts than the *Shushan* approach.[61] Defendants contend that under either approach, certification is improper here because of the highly individualized claims presented by Nieto, specifically whether each laborer to whom Nieto wishes to send notice worked more than 40 hours in a workweek.[62]

Defendants argue that conditional certification under the *Lusardi* approach is not automatic and that although the standard for conditional certification is lenient, Nieto must still make substantial allegations that putative class members were victims of a single decision, policy, or plan infected by unlawful conduct.[63] According to Defendants, affidavits containing only conclusory allegations are not sufficient to meet the plaintiff's burden.[64] Rather, according to Defendants, courts look to whether plaintiffs have: identified specific characteristics that unify potential class members; obtained and submitted affidavits of potential class members; obtained

---

[57] Rec. Doc. 15.

[58] Rec. Doc. 14 at 2.

[59] *Id.* at 5 (citing *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001)).

[60] *Id.*

[61] *Id.* at 6 (citing *Basco v. Wal-Mart Stores, Inc.*, 2004 U.S. Dist. LEXIS 12441, at * 14 (E.D. La. Jul. 2, 2004) (Duval, J.)).

[62] *Id.* at 7 (citing *Mooney,* 54 F.3d at 1216).

[63] *Id.* (citing *Hoffman-LaRoche*, 118 F.R.D. at 406).

[64] *Id.* (citing *H&R Block*, *Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

and submitted consent forms of potential class members; and submitted specific evidence of a widespread unlawful plan on the part of the employer.[65] Defendants contend that where, as here, plaintiffs have not submitted substantial allegations, district courts will not hesitate to deny motions to conditionally certify FLSA actions.[66]

According to Defendants, Nieto's proposed definition of the putative collective action members would require an individualized analysis of each workweek of each worker to determine whether that worker worked overtime and should be sent notice of the collective action.[67] According to Defendants, this type of individualized assessment precludes any finding that collective action treatment, even conditionally, is appropriate.[68] Defendants argue that the Court should deny Nieto's motion for conditional certification without a showing that the putative class action members worked more than 40 hours in a workweek.[69] Defendants further contend that damages in this case would require a case-by-case inquiry and that conditional certification should be denied as a result.[70]

Defendants next argue that Nieto's proposed notice is defective, because the document is misleading and implies that anyone receiving notice may join the lawsuit even though the opt-in definition requires the laborers to have worked over 40 hours in a workweek.[71] Defendants further

---

[65] *Id.* (citing *England v. New Century Fin. Corp.*, 370 F.Supp.2d 504, 506 (M.D. La. 2005)).

[66] *Id.* at 8 (citing *England*, 370 F.Supp.2d at 511).

[67] *Id.* at 9.

[68] *Id.*

[69] *Id.* at 10.

[70] *Id.*

[71] *Id.*

contend that the notice should contain a brief explanation of their bases for disputing liability.[72] Defendants further argue that the proposed notice does not contain the contact information for defense counsel.[73] Defendants reserve any further objections to the proposed notice until it may be necessary to address them if the Court denies Defendants' motion for a stay and conditionally certifies the action.[74]

Next, Defendants contend that Nieto's proposed opt-in period is too long, because Nieto's counsel has been soliciting former and current employees of Defendants since January 2015.[75] Defendants further argue that notice is not mandatory and that the opt-in period should be limited to 30 days at most.[76] Defendants assert that their understanding is that in the event of conditional certification, the parties would be asked to confer and agree upon a proper notice.[77] Thus, Defendants contend that Nieto's proposed notice is premature.[78]

### 3. Nieto's Reply in Further Support of the Motion for Conditional Certification

In reply, Nieto argues that her claims against Defendants are not individualized.[79] Nieto contends that if Defendants' arguments regarding individualized assessment were correct, then collective FLSA actions would not be possible.[80] According to Nieto, some variation in the hours

---

[72] *Id.* at 11.

[73] *Id.* (citing *Tolentino v. C&J Spec-Rent Servs., Inc.*, 716 F.Supp.2d 642, 655 (S.D. Tex. 2010)).

[74] *Id.*

[75] *Id.*

[76] *Id.* at 11–12 (citing *Kaiser v. At the Beach, Inc.*, 2009 U.S. Dist. LEXIS 109362, at *16 (N.D. Okla. Nov. 24, 2009)).

[77] *Id.* at 12.

[78] *Id.*

[79] Rec. Doc. 19 at 1.

[80] *Id.* at 1–2.

that potential opt-in plaintiffs have worked does not preclude conditional class certification.[81] Nieto contends that Defendants are applying an incorrect standard and that at this stage, the Court is only determining whether notice should be given to potential class members.[82] According to Nieto, nothing in her motion suggests that the proposed class is particularly individualized, as all putative plaintiffs were manual laborers who were not paid overtime.[83] Nieto argues that aside from differences in hours worked, Defendants do not argue any other individualized differences among the class members.[84]

Nieto again argues that Defendants' request for discovery is inappropriate at this stage, because at this stage, Nieto has plausibly alleged a common policy or practice by Defendants of not paying overtime, which is supported by her complaint and declaration.[85] Moreover, Nieto argues that Defendants have not attempted to conduct discovery and have not responded to Nieto's written discovery.[86] Nieto notes that there are already workers opting in to the suit and that Defendants have not provided any evidence of mistake or error on the part of Nieto.[87] Finally, Nieto argues that her proposed notice has been approved by numerous courts in the Eastern District of Louisiana, including this Court, and that Defendants' arguments alleging its deficiency should be rejected.[88]

---

[81] *Id.* at 2.

[82] *Id.* (citing *Rendon v. Global Tech. Solutions*, No. 15-00242, 2015 WL 8042169, at * 15 (E.D. La. Dec. 4, 2015) (Brown, J.)).

[83] *Id.* at 3.

[84] *Id.*

[85] *Id.* at 3–4.

[86] *Id.*

[87] *Id.* at 4.

[88] *Id.*

### III. Law and Analysis

**A.     *Conditional Certification of a Collective Action under FLSA***

FLSA sets forth requirements for minimum wage, overtime pay, and record keeping for certain employees who are not exempt because they hold executive, administrative, or professional positions.[89] FLSA also creates a private right of action for employees when these rights are violated.[90] Under § 216(b) of FLSA, one or more employees can pursue a collective action in a representative capacity on behalf of similarly situated employees.[91] There are two requirements to proceed as a representative action: (1) all plaintiffs must be "similarly situated" and (2) a plaintiff must consent in writing to take part in the suit.[92] This latter requirement means that a representative action follows an "opt-in" rather than an "opt-out" procedure.[93] As the Supreme Court has explained, "[a] collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources."[94]

FLSA does not define "similarly situated." Instead, district courts routinely utilize a two-step method, which was originally articulated in *Lusardi v. Xerox Corporation*[95] and described in detail by the Fifth Circuit in *Mooney v. Aramco Services Co.*[96] Under this approach, a court first

---

[89] *See* 29 U.S.C. §§ 206(a)(1), 207(a)(1), 213(a)(1).

[90] *See* 29 U.S.C. § 216(b).

[91] *See id.* ("An action to recover the liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated.").

[92] *See Chapman v. LHC Group, Inc.*, No. 13-6384, 2014 WL 6318785, at *6 (E.D. La. Nov. 13, 2014) (Brown, J.).

[93] *See id.* (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)).

[94] *Johnson v. Big Lots Stores, Inc.*, Nos. 04-3201, 05-6627, 2007 WL 5200224, at *2 (E.D. La. Aug. 21, 2007) (Vance, J.) (citing *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)).

[95] 118 F.R.D. 351, 359 (D.N.J. 1987).

[96] 54 F.3d 1207, 1215 (5th Cir. 1995). *See also Johnson*, 2007 WL 5200224 at *2 ("Since *Mooney,* district

determines at the "notice stage" whether notice should be given to potential members of the collective action, and this determination is usually made on the basis of "only . . . the pleadings and any affidavits."[97] Because the court typically has little evidence at this first stage, the determination of conditional certification "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[98] At this stage, courts generally do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" and only a modest factual basis is required.[99]

At the notice stage, a plaintiff must generally demonstrate that: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit."[100] The burden to show that plaintiffs are similarly situated rests on the plaintiff,[101] but "[a] plaintiff need only demonstrate a reasonable basis for the allegation that a class of similarly situated persons may exist."[102] Plaintiffs need not be identically situated,[103] and even plaintiffs who operate in different geographical locations and

---

courts in the Fifth Circuit have uniformly used [the *Lusardi* approach] to determine whether a collective action should be certified under the FLSA.") (internal citations omitted).

[97] *See id.* at 1213–14.

[98] *Id.* at 1214.

[99] *See Chapman v. LHC Group, Inc.*, No. 13-6384, 2014 WL 6318785, at *6 (E.D. La. Nov. 13, 2014) (Brown, J.) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir. 1995)).

[100] *Lang v. DirecTV, Inc.*, No. 10–1085, 2011 WL 6934607, at *4 (E.D. La. Dec. 30, 2011) (Brown, J.); *see also Morales v. Thang Hung Corp.*, No. 08–2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009); *Hickson v. U.S. Postal Serv.*, No. 09–83, 2010 WL 3835887, at *5, 2010 U.S. Dist. LEXIS 104112, at *18 (E.D. Tex., July 22, 2010).

[101] *Bridges v. Absolute Lawn Care LA, LLC*, No. 16-448, 2016 WL 6440326, at *9 (E.D. La. Nov. 1, 2016) (Brown, J.) (citing *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)).

[102] *Id.* (internal citation omitted).

[103] *Id.* (internal citation omitted).

under different managers and supervisors may be deemed similarly situated in some circumstances, such as when they share similar job titles and responsibilities.[104] "Whether at the notice stage or on later review, collective action certification is not precluded by the fact that the putative plaintiffs performed various jobs in differing departments and locations."[105] A plaintiff must do more than show the mere existence of other similarly situated persons, because "there is no guarantee that those persons will actually seek to join the lawsuit."[106] Only those employees who affirmatively "opt-in" to the suit are bound by a collective action under FLSA.[107]

If conditional certification is granted, the case then proceeds through discovery as a class action to the "merits stage," at which time the defendants may move for decertification.[108] At that time, a more stringent approach governs, and the court considers: (1) the extent to which employment settings are similar or disparate; (2) the extent to which any of the employer's defenses are common or individuated; and (3) fairness and procedural concerns.[109] The court makes "a factual determination on the similarly situated question,"[110] either allowing the

---

[104] *Id.* (internal citation omitted).

[105] *Id.* (internal citation omitted).

[106] *Id. See also Tolentino v. C & J Spec–Rent Serv., Inc.*, 716 F. Supp. 2d 642, 647 (S.D. Tex. 2010) (citing *Ali v. Sugarland Petroleum*, Civ. A. No. 09–cv–0170, 2009 WL 5173508, at *2 (S.D. Tex. Dec. 22, 2009). *See also H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) ("[A]lthough the standard for satisfying the first step is lenient, . . . the court still requires at least substantial allegations that the putative class members were together victims of a single decision, policy or plan") (internal quotation omitted)).

[107] 29 U.S.C. § 216(b) ("[N]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

[108] *Bridges*, 2016 WL 6440326, at *9 (citing *Mooney,* 54 F.3d at 1214).

[109] *Id.* (citing *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 4809167, at *5 (E.D. La. Nov. 3, 2008) (Barbier, J.)).

[110] *Id.* (citing *Mooney,* 54 F.3d at 1214).

representative action "to proceed to trial" or decertifying the class and dismissing without prejudice the claims of opt-in plaintiffs.[111]

**B.     Analysis**

**1.     Defendants' Motion to Stay**

In their motion to stay consideration of Nieto's motion to conditionally certify the class in this action, Defendants argue that a stay is warranted, because: (1) Defendants' motion to dismiss was pending before the Court; and (2) Defendants need to conduct limited discovery before responding to Nieto's certification motion.[112] In opposition to the motion for a stay, Nieto argues that the *Lusardi* approach generally does not contemplate pre-certification discovery and that Defendants are already in possession of the records pertinent to conditional class certification and have not made any efforts to commence discovery despite their assertion that limited discovery is necessary.[113]

The Court has broad discretion to stay proceedings and "[t]he proponent of a stay bears the burden of establishing its need."[114] First, the Court notes that, since the filing of the instant motion to stay, it has ruled on Defendants' motion to dismiss.[115] Second, Defendants argue that the Court should refrain from ruling on Nieto's motion for conditional certification until limited discovery has been conducted.[116] However, as the Court noted *supra*, at this stage of the litigation, *i.e.* the "notice stage," the Court determines whether notice should be given to potential members of the collective action, and this determination is usually made on the basis of "only . . . the pleadings

---

[111] *Id.*

[112] Rec. Doc. 15.

[113] Rec. Doc. 20 at 2–3.

[114] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[115] *See* Rec. Doc. 30.

[116] Rec. Doc. 15-1 at 4.

and any affidavits."[117] While discovery prior to conditional certification is not prohibited under the *Lusardi* approach, at this stage in the litigation, courts generally do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan," and only a modest factual basis is required.[118]

The Court notes that Defendants have cited to several district court cases in which some discovery had been conducted prior to conditional certification.[119] However, none of the cases cited by Defendants support their contention that the Court should delay consideration of Nieto's motion to conditionally certify the action in this case. Here, Defendants have not shown that additional discovery is necessary at this early stage of the litigation. Accordingly, the Court will deny Defendants' motion to stay consideration of Nieto's motion for conditional certification of the class and consider Nieto's motion.

### 2.      Nieto's Motion for Conditional Certification

At the notice stage, the determination of conditional certification "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[120] Generally, courts do not require more than "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan," and only a modest factual basis is required.[121] Here, Plaintiffs allege that they worked for Defendants as manual laborers for time

---

[117] *See id.* at 1213–14.

[118] *See Chapman v. LHC Group, Inc.*, No. 13-6384, 2014 WL 6318785, at *6 (E.D. La. Nov. 13, 2014) (Brown, J.) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir. 1995)).

[119] *See, e.g., McKnight v. D. Houston, Inc.*, 756 F. Supp.2d 794 (S.D. Tex. 2010) (noting that some discovery had taken place prior to the motion for conditional certification).

[120] *Rendon v. Global Tech. Solutions, LLC*, No. 15-242, 2015 WL 8042169 (E.D. La. Dec. 4, 2015) (Brown, J.) (citing *Mooney*, 54 F.3d at 1212).

[121] *Id.*

periods between 2012 and 2016, and that they normally worked more than 40 hours per week.[122] Plaintiffs allege that on average, they worked for Defendants between nine and ten hours per day, six days per week.[123] Plaintiffs further allege that the Defendants never paid Plaintiffs one and a half times their respective hourly rates for all hours worked in excess of 40 in a workweek.[124]

While working for Defendants as manual laborers, Plaintiffs allege that they were paid hourly wages between $10.00 and $17.00.[125] Plaintiffs also allege that some of the paychecks that they received for their employment with Defendants bore the name "Pizzatti Enterprises, Inc." and that some of the paychecks that they received bore the name "Pizzatti Labor Services, Inc."[126] Finally, Plaintiffs allege that Defendants provide labor and construction services for commercial and residential construction projects and that Defendants regularly employ more than 20 employees at various worksites.[127] In support of the motion to conditionally certify the class, Nieto also submits her declaration in which she states that she regularly worked more than 40 hours a week and was never paid overtime wages for those hours.[128] In the declaration, Nieto further declares that she knows from conversations with her co-workers that they were not paid overtime either.[129] Nieto specifically mentions three co-workers, Jose, Felix, and Karen, who were also manual laborers for Pizzati Labor Services, Inc. and told Nieto that they had not received overtime

---

[122] Rec. Doc. 46 at 8.

[123] *Id.*

[124] *Id.* at 5.

[125] *Id.* at 2–5. Specifically, Plaintiffs allege that Defendants paid the following hourly wages: $10.00 to Nieto, $14.00 to Inoa, $17.00 to Campos, $15.00 to Ortega, $10.00 to Alvarez, $13.50 to Arco, and $17.00 to Hernandez.

[126] *Id.* at 6.

[127] *Id.* at 8.

[128] Rec. Doc. 13-4 at 1.

[129] *Id.*

wages that they were due.[130] Nieto also submits two paycheck stubs issued to her, one bearing the name "Pizzati Labor Services, Inc." and one bearing the name "Pizzati Enterprises, Inc."[131]

Under the lenient standard at the notice stage, the Court finds that Plaintiffs' specific allegations and affidavit provide "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" by Defendants regarding overtime compensation.[132] Considering Nieto's declaration that she knows of co-workers who have not received overtime compensation and the fact that six Plaintiffs have already joined the litigation, Nieto has shown "there is a reasonable basis for crediting the assertion that aggrieved individuals exist" and that "those individuals want to opt in to the lawsuit."[133]

Moreover, Plaintiffs' allegations demonstrate that "those aggrieved individuals are similarly situated" to Nieto given the claims and defenses asserted.[134] All of the named Plaintiffs allege that: they worked as manual laborers for Defendants in Louisiana for time periods between 2012 and 2016; they normally worked more than 40 hours a week, on average between 9 and 10 hours a day; Defendants failed to pay them overtime wages; and Defendants paid them by check, with some checks bearing the name "Pizzati Labor Services, Inc." and others bearing the name "Pizzati Enterprises, Inc."[135] At the notice stage, "[a] plaintiff need only demonstrate a reasonable

---

[130] *Id.* at 2.

[131] Rec. Doc. 13-3.

[132] *See Chapman v. LHC Group, Inc.*, No. 13-6384, 2014 WL 6318785, at *6 (E.D. La. Nov. 13, 2014) (Brown, J.) (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir. 1995)).

[133] *Lang v. DirecTV, Inc.*, No. 10–1085, 2011 WL 6934607, at *4 (E.D. La. Dec. 30, 2011) (Brown, J.); *see also Morales v. Thang Hung Corp.*, No. 08–2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009); *Hickson v. U.S. Postal Serv.*, No. 09–83, 2010 WL 3835887, at *5, 2010 U.S. Dist. LEXIS 104112, at *18 (E.D. Tex., July 22, 2010).

[134] *Lang*, 2011 WL 6934607 at *4.

[135] Rec. Doc. 46 at 2–6, 8.

basis for the allegation that a class of similarly situated persons may exist,"[136] and the Court finds that Nieto has met that burden here.

The Court notes that Defendants argue that they are entitled to discovery before conditional certification and that potential opt-in plaintiffs are not similarly situated because an "individualized analysis" will be required to determine whether a potential opt-in plaintiff has worked more than 40 hours in a workweek and thus "fits" into the class proposed by Nieto.[137] For the reasons set forth by the Court *supra*, the Court finds that Defendants are not entitled to discovery before consideration of conditional certification. As to Defendants' arguments regarding "individualized analysis," the Court notes that Defendants appear to argue that Plaintiffs are required to allege or demonstrate at this stage the exact number of hours worked by every potential opt-in plaintiff in order to demonstrate that conditional certification of the proposed class is warranted.

However, Nieto need not show that potential opt-in plaintiffs are identically situated,[138] and even plaintiffs who operate in different geographical locations and under different managers and supervisors may be deemed similarly situated in some circumstances, such as when they share similar job titles and responsibilities.[139] Aside from arguing that potential opt-in plaintiffs may have worked a different number of hours, Defendants do not point to any other differences that suggest that Nieto is not similarly situated to the putative class. At this stage, Nieto is not required to prove the exact number of hours worked by each potential opt-in plaintiff, nor is she required to show that all of the potential opt-in plaintiffs worked the same number of overtime hours. This is especially true, since proof of the exact number of hours worked by each potential opt-in plaintiff

---

[136] *Id.* (internal citation omitted).

[137] Rec. Doc. 14 at 9.

[138] *Id.* (internal citation omitted).

[139] *Id.* (internal citation omitted).

would require information that appears to be in the hands of Defendants.[140] Given the lenient standard at this stage, the Court finds that Nieto has demonstrated that potential opt-in plaintiffs in the proposed class are similarly situated and has set forth "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[141] Accordingly, the Court finds that conditional certification of Nieto's proposed class and notice to potential class members are warranted at this time.

The Court notes that, in addition to seeking conditional certification of its proposed class, Nieto asks the Court to: approve her proposed notice; approve the sending of the class notice to potential opt-in plaintiffs; approve an opt-in period of 90 days; and order Defendants to provide Plaintiffs with the names and last known addresses of the potential opt-in plaintiffs.[142] The Court notes that Defendants have objected to Nieto's proposed notice, because they argue: the proposed notice is misleading and implies that anyone receiving the notice may join the suit; the notice contains no explanation of Defendants' basis for disputing liability; and the notice does not contain the contact information for defense counsel.[143] Defendants also contend that a 90-day opt-in period is too long, considering that Nieto has allegedly been soliciting current and former employees of Defendants to join the suit since January 2015.[144]

As to Nieto's proposed opt-in period, the Court notes that it has previously denied a request for a 90-day opt-in period in a FLSA collective action where the plaintiffs did not present any evidence of difficulty in tracking down potential class members, such as a language barrier or

---

[140] *See Rendon v. Global Tech. Solutions*, No. 15-00242, 2015 WL 8042169, at * 15 (E.D. La. Dec. 4, 2015) (Brown, J.) (holding that employers should not be able to "escape liability by taking advantage of their monopoly on the information plaintiffs may need to prove their case").

[141] *Id.*

[142] Rec. Doc. 13-1 at 6.

[143] Rec. Doc. 14 at 10–11.

[144] *Id.* at 11.

dispersal of the plaintiffs.[145] Here, however, Nieto asserts that many of the potential opt-in plaintiffs are non-English speaking and that addresses provided by Defendants may be out of date.[146] Thus, the Court finds that providing notice to potential plaintiffs may be time-consuming and burdensome. Accordingly, the Court finds that a 90-day opt-in period is appropriate.

As to Nieto's proposed notice, the Court finds it appropriate to follow its past practice and orders the parties to confer regarding the form and content of Nieto's proposed notice and consent form.[147] The parties are to submit a joint Proposed Notice and Consent Form within 10 days of the date of this Order. If the parties are unable to agree on a Proposed Notice and Consent Form, the parties shall submit: (1) their proposed notices and consent forms; and (2) their objections, with supporting authority, to the other party's proposed notice and consent form, within 10 days of this Order, and request an expedited status conference on the matter. The Court expects counsel for the parties to confer in good faith in an attempt to come forward with a joint proposal for judicial notice and consent form.  Finally, to facilitate efficient notice to potential opt-in plaintiffs, the Court will grant Nieto's request for an order that Defendants provide Plaintiffs with the names and last known addresses of the potential opt-in plaintiffs within two weeks. The parties are to meet and confer to determine the most effective method to transfer this information to Plaintiffs.

## IV. Conclusion

For the foregoing reasons, the Court finds that Defendants have not shown that additional discovery is necessary before conditional certification is decided. Accordingly, the Court will deny Defendants' motion to stay consideration of Nieto's motion for conditional certification. The Court

---

[145] *See Marshall v. Louisiana*, No. 15-1128, 2016 WL 279003, at *12 (E.D. La. Jan. 22, 2016) (Brown, J.) (quoting *Lima v. Int'l Catastrophe Solutions*, 493 F.Supp.2d 793, 804 (E.D. La. 2007) (finding that a 90-day opt-in period was too long where plaintiffs had not demonstrated any hurdles to providing notice to plaintiffs).

[146] Rec. Doc. 13-1 at 21.

[147] *See Lang*, 2011 WL 6934607 at *10; *Bridges v. Absolute Lawn Care LA, LLC*, 16-448, 2016 WL 6440326, at *12 (E.D. La. Nov. 1, 2016) (Brown, J.).

finds that Nieto has demonstrated that potential opt-in plaintiffs are similarly situated and has set forth "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan."[148] Accordingly, the Court finds that conditional certification of Nieto's proposed class and notice to potential class members is warranted at this time. Considering the potential hurdles to notice identified by Nieto in this case, the Court finds that providing notice to potential plaintiffs may be time-consuming and burdensome. Accordingly, the Court finds that a 90-day opt-in period is appropriate.

Finally, the Court finds it appropriate to follow its past practice and orders the parties to confer regarding the form and content of Nieto's proposed notice and consent form. The parties must submit a joint Proposed Notice and Consent Form within 10 days of the date of this Order. If the parties are unable to agree on a Proposed Notice and Consent Form, the parties shall submit: (1) their proposed notices and consent forms; and (2) their objections, with supporting authority, to the other party's proposed notice and consent form, within 10 days of this Order, and request an expedited status conference on the matter. To facilitate efficient notice to potential opt-in plaintiffs, the Court will grant Nieto's request for an order that Defendants provide Plaintiffs with the names and last known addresses of the potential opt-in plaintiffs within two weeks. The parties are to meet and confer to determine the most effective method for transferring this information to Plaintiffs.

**IT IS HEREBY ORDERED** that Defendants' "Motion to Stay Plaintiff's Motion for Conditional Class Certification"[149] is **DENIED.**

---

[148] *Id.*

[149] Rec. Doc. 15.

IT IS FURTHER ORDERED that Nieto's "Motion for Conditional Class Certification"[150] is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED IN PART** to the extent that Nieto requests that the Court conditionally certify the proposed class, approve an opt-in period of 90 days, and require Defendants to provide Plaintiffs with the names and last known addresses of the potential opt-in plaintiffs within two weeks. The motion is **DENIED IN PART** to the extent that Nieto requests that the Court approve Plaintiff's proposed notice and consent form in its current form.

IT IS FURTHER ORDERED that Notice shall be sent to: "All individuals who worked or are working performing manual labor for Pizzati Enterprises, Inc. or Pizzati Labor Services, Inc. during the previous three years, and who are eligible for overtime pay pursuant to the FLSA, 29 U.S.C. § 207 and who did not receive full overtime compensation."

IT IS FURTHER ORDERED that the parties are to submit a joint Proposed Notice and Consent Form within 10 days of the date of this Order. If the parties are unable to agree on a Proposed Notice and Consent Form, the parties shall submit: (1) their proposed notices and consent forms; and (2) their objections, with supporting authority, to the other party's proposed notice and consent form, within 10 days of this Order, and request an expedited status conference on the matter.

---

[150] Rec. Doc. 13.

**IT IS FURTHER ORDERED** that the opt-in period for putative class members shall be 90 days from the date that a final notice is approved by this Court.

**NEW ORLEANS, LOUISIANA**, this <u>27th</u> day of March, 2017.

*Nannette Jolivette Brown*

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**